IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Tommy D. PAYNE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Tommy D. PAYNE, Respondent.

Supreme Court

*No. 2012AP1044–D.—Decided October 9, 2012.*

2012 WI 109

(Also reported in 821 N.W.2d 246.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. In this disciplinary proceeding, we consider whether to impose discipline on Attorney Tommy D. Payne reciprocal to that imposed by the Supreme Court of Illinois. Attorney Payne has not alleged, and we do not find, that any exception to reciprocal discipline in SCR 22.22(3)[1] applies. Accordingly, we impose a six-month suspension of Attorney Payne's license to practice law in Wisconsin as reciprocal discipline. Because it has not been necessary to appoint a referee in this matter, we do not impose the costs of this proceeding on Attorney Payne.

¶ 2. Attorney Payne was admitted to the practice of law in Wisconsin in June 1990 and in Illinois in November 1993. He has practiced law in Chicago. Attorney Payne's license to practice law in Wisconsin was suspended in October 1993 for failure to pay bar dues and assessments and in June 1995 for failure to comply with mandatory continuing legal education (CLE) reporting requirements. His Wisconsin license has remained administratively suspended from the date of those suspensions to the present time.

---

[1] SCR 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

21

¶ 3.   On May 16, 2012, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Payne and a motion requesting this court to issue an order directing Attorney Payne to show cause under SCR 22.22(3) why reciprocal discipline should not be imposed.

¶ 4.   On July 3, 2012, following the OLR's filing of an affidavit of service of the complaint on Attorney Payne, an order was issued directing Attorney Payne to inform the court of any claim against imposing reciprocal discipline under SCR 22.22(3) by July 23, 2012. Copies of the order were sent via both first-class mail and certified mail to the last address Attorney Payne had provided to the State Bar of Wisconsin, to the most recent address Attorney Payne had furnished to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (ARDC), and to the address listed in the affidavit of service at which personal service of the OLR's complaint had occurred. While some of the envelopes were returned as unclaimed or undeliverable, the court has received a signed receipt for at least one of the envelopes sent by certified mail, and two of the envelopes sent by first-class mail have not been returned as undeliverable. Thus, we conclude that Attorney Payne has received actual notice of the court's order to show cause.

¶ 5.   Attorney Payne, however, has not filed any response to the order to show cause or to the OLR's complaint. Thus, we conclude that the allegations of the OLR's complaint and the attached certified copies of the Illinois disciplinary records are deemed admitted.

¶ 6.   Those Illinois disciplinary documents indicate that the Supreme Court of Illinois imposed a six-month suspension on the license of Attorney Payne to practice law in that state. The suspension arose from Attorney Payne's representation of S.D. with respect to the estate of S.D.'s mother. The representation was to include

handling the closing of the sale of the mother's real property and investigating the refusal of an insurance company to pay certain death benefits. With respect to the insurance company matter, Attorney Payne agreed that, if necessary, he would file suit against the insurer on behalf of the mother's estate.

¶ 7. Attorney Payne attended the real estate closing, where he received a $3,000 check from the title company. Those funds were to cover his $1,000 fee for handling the real estate closing and a $2,000 advance fee for his future work on the insurance matter. Shortly after the closing, Attorney Payne reviewed documents regarding the insurance matter, but he took no further action to pursue the estate's claim against the insurer. For nearly a year S.D. made weekly unsuccessful attempts to communicate with Attorney Payne via both telephone and e-mail messages. Although Attorney Payne received these communications from S.D., he never responded.

¶ 8. S.D. filed a grievance with the Illinois ARDC. The ARDC then sent letters to Attorney Payne and served a subpoena on him in an attempt to investigate his conduct and to obtain a refund of the fee on behalf of S.D. Attorney Payne promised to return the full retainer amount to S.D., but he never did so. In addition, he failed to communicate with the ARDC regarding its requests for information and attempts to resolve the matter on behalf of S.D.

¶ 9. The Hearing Board of the ARDC ultimately concluded that Attorney Payne's actions in the representation of S.D. and her mother's estate had violated a number of the Illinois Rules of Professional Conduct. Specifically, the Hearing Board concluded that Attorney Payne's actions prior to January 1, 2010, had violated the 1990 Illinois Rules of Professional Conduct (a) by

23

failing to act with reasonable diligence and promptness (Rule 1.3); (b) by failing to keep the client reasonably informed and to comply promptly with reasonable requests for information (Rule 1.4(a)(3) and (4)); and (c) by engaging in conduct which tends to defeat the administration of justice or which brings the courts or the legal profession into disrepute (Illinois Supreme Court Rule 770). The Hearing Board further concluded that Attorney Payne's actions after January 1, 2010, had also violated the current version of the Illinois Rules of Professional Conduct (d) by failing to refund the unearned portion of the advance fee (Rule 1.16(d)); (e) by knowingly failing to respond to a lawful demand for information from a disciplinary authority (Rule 8.1(b)); and (f) by engaging in conduct which tends to defeat the administration of justice or which brings the courts or the legal profession into disrepute (Illinois Supreme Court Rule 770).

¶ 10. By order and judgment entered September 26, 2011, the Supreme Court of Illinois approved the report and recommendation of the Hearing Board and suspended Attorney Payne's license to practice law in Illinois for a period of six months and until further order of the court following Attorney Payne's successful completion of a formal reinstatement proceeding.

¶ 11. In reciprocal discipline situations, our rules provide that we "shall impose the identical discipline or license suspension" imposed in the other jurisdiction, unless one of three listed exceptions applies. SCR 22.22(3). In this case, Attorney Payne has not alleged that any exception applies, and our own review of the record leads us to conclude that no exception is applicable. Accordingly, we suspend the license of Attorney Payne to practice law in Wisconsin for a period of six

24

months, effective the date of this order.[2] Attorney Payne has not requested that the suspension in this state be made retroactive to the date of the Illinois suspension, and we perceive no reason to do so. We note that Attorney Payne did not notify the OLR of the Illinois suspension when it was imposed. *See* SCR 22.22(1) (requiring attorney subject to public discipline in another jurisdiction to notify the OLR within 20 days of the effective date of the discipline). Finally, because this matter was completed without the need for the appointment of a referee, we do not require Attorney Payne to pay the costs of this proceeding.

¶ 12. IT IS ORDERED that the license of Tommy D. Payne to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that, to the extent he has not already done so, Tommy D. Payne shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 14. IT IS FURTHER ORDERED that no costs shall be assessed against Tommy D. Payne.

---

[2] We note that, as in Illinois, a six-month suspension in this state will require Attorney Payne to complete successfully the formal reinstatement procedure set forth in SCRs 22.29 through 22.33. In addition, Attorney Payne will also separately have to seek reinstatement from the administrative suspensions for failure to comply with mandatory CLE reporting requirements and for failure to pay bar dues and assessments.