# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP133-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jon E. Stanek, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Jon E. Stanek, Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST STANEK

---

| | |
|---|---|
| OPINION FILED: | May 16, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

---

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP133-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jon E. Stanek, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Jon E. Stanek,**

      **Respondent.**

**FILED**

**MAY 16, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Jon E. Stanek pursuant to SCR 22.12[1] requesting this court to suspend Attorney

---

[1] SCR 22.12 provides:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

Stanek's license to practice law in Wisconsin as reciprocal discipline identical to that imposed by the Supreme Court of Minnesota.

¶2 According to the stipulation, Attorney Stanek became licensed to practice law in Wisconsin in 2005, and practices in Eau Claire. He has no prior Wisconsin disciplinary history.

¶3 In the stipulation Attorney Stanek acknowledges that on November 26, 2012, the Supreme Court of Minnesota suspended his Minnesota law license for 30 days for failing to comply with the terms of a consent agreement for conditional admission and making false statements to the director of Minnesota's Office of Lawyers Professional Responsibility during a disciplinary investigation. The Supreme Court of Minnesota found that those actions violated Rules 3.4(c), 8.1(a) and (b), 8.4(c) and (d), and 25 of the Minnesota Rules of Professional Conduct.

¶4 Attorney Stanek states in the stipulation that he does not claim that any of the conditions listed in SCR 22.22(3)(a)-(c)[2] prevent the imposition of reciprocal discipline in this

> (2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.
>
> (3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.
>
> (4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 22.22(3)(a)-(c) states:

case. Attorney Stanek and the OLR jointly request that Attorney Stanek's license to practice law in this state be suspended for 30 days. The stipulation properly provides that it did not result from plea bargaining. Attorney Stanek says he does not contest the facts and misconduct alleged by the OLR or the discipline that the OLR director is seeking in this matter. Attorney Stanek represents that he fully understands the misconduct allegations; fully understands the ramifications should the court impose the stipulated level of discipline; fully understands his right to contest this matter; and fully understands his right to consult with counsel. He further avers that his entry into the stipulation was made knowingly and voluntarily and represents his decision not to contest the misconduct alleged or the type of discipline sought by the OLR director.

¶5 Based upon our independent review, we determine that the SCR 22.12 stipulation should be accepted and Attorney

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

3

Stanek's license to practice law in Wisconsin should be suspended for 30 days as reciprocal discipline to that imposed by the Supreme Court of Minnesota. Since Attorney Stanek entered into a stipulation and there was no need to appoint a referee, we agree that costs should not be imposed in this case.

¶6 IT IS ORDERED that the license of Jon E. Stanek to practice law in the State of Wisconsin is suspended for a period of 30 days, effective June 13, 2013.

¶7 IT IS FURTHER ORDERED that Jon E. Stanek shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶8 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

1