# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1770-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Peter James Nickitas, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Peter James Nickitas,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST NICKITAS

| | |
|---|---|
| OPINION FILED: | March 14, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP1770-D

STATE OF WISCONSIN        :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Peter James Nickitas, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

      **v.**

**Peter James Nickitas,**

        **Respondent.**

**FILED**

**MAR 14, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) has filed a complaint and motion pursuant to SCR 22.22[1] asking

---

[1] SCR 22.22 provides: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the

2

this court to impose reciprocal discipline against Attorney Peter James Nickitas identical to the 30-day suspension imposed by the Supreme Court of Minnesota.

¶2 On September 16, 2013, in response to the OLR's motion, this court issued an order directing Attorney Nickitas to show cause in writing by September 30, 2013, why the imposition of discipline reciprocal to that imposed by the Supreme Court of Minnesota would be unwarranted. On September 19, 2013, Attorney Nickitas filed a response attaching a copy of a letter he had previously sent to the OLR. Attorney Nickitas does not object to the imposition of reciprocal discipline; however, he requests that the 30-day suspension be applied retroactively so as to run coterminous with the term of the Minnesota suspension. On October 16, 2013, the OLR filed a response opposing a retroactive suspension. Upon review of the matter, we decline to make the 30-day suspension retroactive.

¶3 Attorney Nickitas was admitted to practice law in Wisconsin in 1991. He is also admitted to practice law in

---

imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

Minnesota.  His most recent address furnished to the State Bar of Wisconsin is in Minneapolis, Minnesota.

¶4  Attorney Nickitas' professional disciplinary history in Wisconsin consists of a 90-day suspension imposed in 2006, reciprocal to a similar suspension in Minnesota.  Attorney Nickitas' misconduct in that case involved a consensual sexual relationship with a client; entering into multiple business transactions with a client without written disclosure of the potential conflicts and without providing for fair and reasonable terms for his client; failing to timely appeal a final judgment and subsequently filing motions previously decided by the unappealed judgment; and failing to notify the OLR of the Minnesota suspension.  In re Disciplinary Proceedings Against Nickitas, 2006 WI 20, 289 Wis. 2d 18, 710 N.W.2d 464.

¶5  On May 7, 2013, the Supreme Court of Minnesota suspended Attorney Nickitas' Minnesota law license for 30 days for undertaking representation despite a conflict of interest; engaging in inappropriate conduct toward opposing counsel; and bringing a claim in bad faith and for an improper purpose.  The Supreme Court of Minnesota found that these actions violated Rules 1.7(a)(2), 3.1, 4.4(a), and 8.4(d) of the Minnesota Rules of Professional Conduct.  Attorney Nickitas admitted substantially all allegations and agreed that a 30-day suspension was appropriate.

¶6  Supreme Court Rule 22.22(3) provides that this court "shall impose the identical discipline or license suspension unless . . . the procedure in the other jurisdiction was so

lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; "there was such an infirmity of proof establishing the misconduct . . . that the supreme court could not accept as final the conclusion in respect to the misconduct . . ."; or "the misconduct justifies substantially different discipline in this state."

¶7 Attorney Nickitas has not alleged that any of the three exceptions exist and, as noted, he does not oppose the imposition of reciprocal discipline. His only argument is that the 30-day suspension in Wisconsin should be made retroactive to the term of the Minnesota suspension. In support of this argument Attorney Nickitas says that the United States District Court for the Western District of Wisconsin reciprocally suspended him from May 24, 2013 through June 30, 2013, and reinstated him upon the conditional reinstatement by the Supreme Court of Minnesota which occurred on June 20, 2013. He says at the time of the Minnesota suspension he had one case pending in Wisconsin circuit court and found substitute counsel to handle that case for him during the term of the Minnesota and Western District suspensions. Attorney Nickitas argues that to suspend him once again in Wisconsin, after he had already served a suspension in the Western District and voluntarily withdrew from all pending Wisconsin state cases for more than 30 days as if he were suspended would be unfair and would also prejudice a client he is currently representing in both a Wisconsin circuit court and federal court.

5

¶8 The OLR opposes a retroactive suspension, saying a lawyer's voluntary cessation of practice does not result in the court backdating the suspension. See, e.g., In re Disciplinary Proceedings Against Frank, 206 Wis. 2d 233, 241, 556 N.W.2d 717 (1996). The OLR argues that in the event the suspension were not made retroactive, this court would not be effectively doubling the discipline since Attorney Nickitas had the ability to continue to practice in Wisconsin during the term of his Minnesota suspension. The OLR says Attorney Nickitas' purported voluntary cessation of practice in Wisconsin during the term of the Minnesota suspension does not warrant retroactive application of the suspension imposed by this court. We agree with the OLR's reasoning. Suspensions are generally not imposed retroactively. There are no special circumstances in this case that would warrant a retroactive suspension.

¶9 IT IS ORDERED that the license of Peter James Nickitas to practice law in Wisconsin is suspended for a period of 30 days, effective April 18, 2014.

¶10 IT IS FURTHER ORDERED that Peter James Nickitas shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶11 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

6