# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2705-D |
| COMPLETE TITLE: | Office of Lawyer Regulation,<br> Complainant,<br> v.<br> John M. Curtin,<br> Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CURTIN

| | |
|---|---|
| OPINION FILED: | July 24, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2013AP2705-D

STATE OF WISCONSIN   :   IN SUPREME COURT

**Office of Lawyer Regulation,**

     **Complainant,**

    **v.**

**John M. Curtin,**

     **Respondent.**

**FILED**

**JUL 24, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1  PER CURIAM.  We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney John M. Curtin pursuant to Supreme Court Rule (SCR) 22.12.  The stipulation requests this court to publicly reprimand Attorney Curtin as reciprocal discipline identical to that imposed by the Arizona Supreme Court.

¶2  Attorney Curtin was admitted to practice law in Wisconsin in 1987.  His Wisconsin license is currently in good standing but inactive.  Attorney Curtin is also admitted to practice law in Arizona.

¶3 According to the stipulation, on May 13, 2013, the Arizona Supreme Court reprimanded Attorney Curtin for failing to maintain adequate trust account records and failing to meet required standards for performance regarding trust account control and supervision after the staff member who maintained Attorney Curtin's trust account records falsified, destroyed, and stopped maintaining some trust account records to enable substantial theft from Attorney Curtin's trust account. The Arizona Supreme Court found that Attorney Curtin violated ER 1.15(a) of the Arizona Rules of Professional Conduct, Rule 42, Ariz. R. Sup. Ct., and Rules 43(a)(1), (b)(1)(A)-(C), and (b)(2)(A)-(D). Attorney Curtin admitted the allegations and agreed that a reprimand and a year of probation and participation in a trust account ethics program was appropriate. Attorney Curtin did not notify the OLR of the Arizona reprimand within 20 days of its effective date. The OLR did receive notice from Attorney Curtin on December 11, 2013.

¶4 On December 10, 2013, the OLR filed a complaint alleging two counts of misconduct:

> [Count One] By virtue of the Arizona reprimand, Curtin is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.

> [Count Two] By failing to notify OLR of his reprimand in Arizona for professional misconduct within 20 days of the effective date of its imposition, Curtin violated SCR 22.22(1).

¶5 On February 11, 2014, the parties entered into a stipulation whereby Attorney Curtin agreed that it would be appropriate for this court to impose a public reprimand as

2

discipline reciprocal to that imposed by the Arizona Supreme Court. The stipulation properly provides that it did not result from plea bargaining. Attorney Curtin says he does not contest the facts of misconduct alleged by the OLR or the discipline that the OLR's director is seeking in this matter. Attorney Curtin further states that he fully understands the misconduct allegations and the ramifications should this court impose the stipulated level of discipline. He also states that he fully understands his right to contest the matter and he understands his right to consult with counsel. Attorney Curtin states that his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct alleged in the OLR's complaint or the level and type of discipline sought by the OLR director.

¶6 Based upon our independent review of the matter, we conclude that the SCR 22.12 stipulation should be accepted and that Attorney Curtin should be publicly reprimanded as discipline identical to that imposed by the Arizona Supreme Court. Since Attorney Curtin entered into a stipulation with the OLR and there was no need to appoint a referee, we conclude that no costs should be assessed.

¶7 IT IS ORDERED that John M. Curtin is publicly reprimanded.

3