# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP971-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ismael Gonzalez, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>         Complainant, <br>    v. <br> Ismael Gonzalez, <br>         Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GONZALEZ

| | |
|---|---|
| OPINION FILED: | October 20, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP971-D

STATE OF WISCONSIN       :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ismael Gonzalez, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Ismael Gonzalez,**

      **Respondent.**

**FILED**

**OCT 20, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM.    This is a reciprocal discipline matter. On May 16, 2016, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1]

---

[1] SCR 22.22 provides: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter.

(continued)

Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub.(3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(continued)

2

requesting this court suspend Attorney Ismael Gonzalez's license to practice law in Wisconsin for a period of one year, as reciprocal discipline identical to that imposed by the Supreme Court of the State of New York Appellate Division, First Judicial Department, and impose costs. Upon our review, we agree that it is appropriate to impose the same one year suspension imposed by the Supreme Court of the State of New York Appellate Division, First Judicial Department. We decline to award costs.

¶2 Attorney Gonzalez was admitted to practice law in Wisconsin in 1981. Attorney Gonzalez's Wisconsin law license is currently suspended for failure to pay annual bar dues. He was admitted to practice law in New York in 1990 and resides in New York.

---

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

¶3 The following facts are taken from the documents attached to the OLR's complaint relating to the New York disciplinary proceedings. On August 11, 2015, the New York Appellate Division Supreme Court First Judicial Department suspended Gonzalez's law license for one year, effective September 10, 2015, based upon 12 counts of misconduct involving five clients, violation of escrow rules, and failure to file income tax returns for specific years. Gonzalez's misconduct included: belligerent and verbal abuse towards his client's wife; threatening his client's wife that he would have his client arrested and deported; communicating information to the immigration authorities that he wanted his client arrested and deported; falsely telling the immigration authorities that his client would not appear for his deferred inspection appointment; and intentionally damaging his client during the course of the professional relationship. He also entered into several written retainer agreements that contained a nonrefundable clause, delayed filing a bankruptcy petition for 21 months, and failed to file federal and state personal income tax returns for 2002 through 2007.

¶4 The Supreme Court of the State of New York Appellate Division, First Judicial Department found that Gonzalez violated the Code of Professional Responsibility by: "conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102(a)(7) (22 NYCRR 1200.3[a][7]"); "engaging in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-

4

102(a)(4) (22 NYCRR 1200.3[a][4"); "intentionally prejudicing or damaging his client, during the course of the professional relationship, in violation of DR 7-101(a)(3) (22 NYCRR 1200.32[a][3"); entering into a written retainer agreement with clients that contained a non-refundable fee clause, in violation of Rule 1.5(d)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0); neglecting a legal matter entrusted to him, in violation of Rule 1.3(b); causing a cash withdrawal in the amount of $1,400.00 from his master escrow account, not to a named payee, thereby violating Rule 1.15(e); and engaging in conduct adversely reflecting on his fitness as a lawyer by failing to file federal and state personal income tax returns for the years 2002 through 2007, in violation of DR 1-102(a)(7).

¶5   In addition, Gonzalez did not notify the OLR of the New York suspension within 20 days of its effective date.

¶6   The OLR complaint alleged that, by virtue of the New York disciplinary one year suspension, Gonzalez is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22 and that, by failing to notify the OLR of his suspension in New York for professional misconduct within 20 days of the effective date of its imposition, Gonzalez violated SCR 22.22(1).

¶7   The OLR asks this court to suspend Attorney Gonzalez's Wisconsin law license for one year as discipline reciprocal to that imposed in New York and to impose costs.

¶8   On August 10, 2016, this court directed Attorney Gonzalez to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR

5

22.22(3), that the imposition of discipline reciprocal to that imposed in New York would be unwarranted, and of the factual basis for any such claim. No response was received.

¶9 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the exceptions enumerated in the rule is shown. There is no indication that any of those exceptions apply in this case. Therefore, we impose discipline identical to that imposed by the Supreme Court of the State of New York Appellate Division, First Judicial Department.

¶10 We decline to impose the costs of this proceeding on Attorney Gonzalez. See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, ¶26, 343 Wis. 2d 397, 816 N.W.2d 310 (noting that in reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved).

¶11 IT IS ORDERED that the license of Ismael Gonzalez to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, Ismael Gonzalez shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order, as well as compliance with all conditions of the disciplinary orders imposed on him by the Supreme Court of the State of New York Appellate Division, First

6

Judicial Department, is required for reinstatement.  <u>See</u> SCR 22.29(4)(c).

¶14 IT IS FURTHER ORDERED that the administrative suspension of Ismael Gonzalez's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, will remain in effect until the administrative suspension has been rectified, pursuant to SCR 22.28(1).