# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1080-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Stephen B. Manion, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Stephen B. Manion, |
| | Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST MANION

---

| | |
|---|---|
| OPINION FILED: | October 21, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

No.   2016AP1080-D

STATE OF WISCONSIN　　　　　　　:　　IN SUPREME COURT

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

**In the Matter of Disciplinary Proceedings Against Stephen B. Manion, Attorney at Law:**

**Office of Lawyer Regulation,**

　　　　**Complainant,**

　　**v.**

**Stephen B. Manion,**

　　　　**Respondent.**

**FILED**

**OCT 21, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1　PER CURIAM.　This is a reciprocal discipline matter. On May 31, 2016, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1]

--------

[1] SCR 22.22 provides: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(continued)

requesting this court suspend Attorney Stephen B. Manion's license to practice law in Wisconsin for a period of six months,

---

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub.(3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub.(3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

as reciprocal discipline identical to that imposed by the Arizona Supreme Court, and impose costs. Upon review, we agree that it is appropriate to impose a six-month suspension, substantially identical to that imposed by the Arizona Supreme Court. We decline to award costs.

¶2 Attorney Manion was admitted to practice law in Wisconsin in 1998. He was admitted to practice law in Arizona in 2009. He resides in Arizona.

¶3 On March 14, 2016, the Supreme Court of Arizona accepted an agreement for discipline by consent by which Attorney Manion was suspended for six months and one day, effective April 15, 2016, for two counts of professional misconduct. The following facts are taken from the documents attached to the OLR's complaint relating to the Arizona disciplinary proceedings.

¶4 Attorney Manion communicated with an inmate client in a criminal matter almost exclusively through another inmate who was serving a sentence for criminal fraud. Attorney Manion's client suffered financial harm at the hands of the inmate who Attorney Manion used as the intermediary. Attorney Manion also transferred funds, at the direction of multiple inmates, in a manner that allowed the inmates to circumvent prison policy thereby violating multiple Arizona trust account rules including ER 1.4, ER 1.15(a), ER 8.4(d), Rule 43(b)(1)(A), Rule 43(b)(a)(C) and Rule 43(b)(5).

¶5 In addition, Attorney Manion assisted an inmate client in collecting a share of an inheritance. Attorney Manion

3

distributed the money at the client's direction in a manner that allowed the client to circumvent prison policy. The client also suffered financial harm due to the fraudulent actions of the same inmate Attorney Manion used as the intermediary in Count One. By these actions Attorney Manion violated ER 1.4, ER 1.6, ER 1.7, and ER 8.4(d). See <u>Manion, Stephen Brian #026912; PDJ-2015-9109</u> (http://www.azcourts.gov/Portals/101/March%202016/Manion,%20Stephen%20Brian%20026912%20PDJ-2015-9109.pdf).

¶6 Attorney Manion did not notify the OLR of the Arizona suspension within 20 days of its effective date.

¶7 The OLR complaint alleges that by virtue of the Arizona suspension, Attorney Manion is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22, and, by failing to notify the OLR of his suspension in Arizona for professional misconduct within 20 days of the effective date of its imposition, Attorney Manion violated SCR 22.22(1). The OLR asks this court to suspend Attorney Manion's Wisconsin law license for six months as discipline reciprocal to that imposed in Arizona, and to impose costs.

¶8 On August 10, 2016, this court directed Attorney Manion to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed in Arizona would be unwarranted, and of the factual basis for any such claim. No response was received.

4

¶9 Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one of the exceptions enumerated in the rule is shown. There is no indication that any of those exceptions apply in this case. Therefore, we impose discipline substantially identical to that imposed by the Supreme Court of Arizona.

¶10 We decline to impose the costs of this proceeding on Attorney Manion. See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, ¶26, 343 Wis. 2d 397, 816 N.W.2d 310 (noting that in reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved).

¶11 IT IS ORDERED that the license of Stephen B. Manion to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, Stephen B. Manion shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order, as well as compliance with all conditions of the disciplinary orders imposed on him by the Arizona Supreme Court required for reinstatement. See SCR 22.29(4)(c).

5