*83 ¶ 1.
PER CURIAM.
We review the report of Referee John B. Murphy recommending that Attorney John H. Peiss's license to practice law in Wisconsin should be revoked, as discipline reciprocal to that imposed by the Supreme Court of Illinois. Upon careful review of the matter, we accept the referee's recommendation. We also assess the costs of the proceeding, which are $2,026.90 as of December 28, 2016, against Attorney Peiss.
¶ 2. Attorney Peiss was admitted to practice law in Wisconsin in 1982. He was also admitted to practice law in Illinois on March 6, 1992. Attorney Peiss's license to practice law in Wisconsin was suspended in 1999 for failure to comply with continuing legal education requirements and failure to pay state bar dues. In 2010, Attorney Peiss's Wisconsin law license was suspended for one year as discipline reciprocal to that imposed by the Supreme Court of Illinois. Attorney Peiss's misconduct in Illinois consisted of conversion and the unauthorized practice of law. See In re Disciplinary Proceedings Against Peiss, 2010 WI 115, 329 Wis. 2d 325, 788 N.W.2d 636. His Wisconsin license remains suspended.
f 3. On September 21, 2015, the Supreme Court of Illinois entered an order disbarring Attorney Peiss in that state. The disbarment was based on four counts of misconduct: (1) practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction by practicing law in Illinois while suspended; (2) committing a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer in other respects by committing the criminal offense of theft; (3) engaging in conduct involving dishonesty, fraud, deceit or mis *84 representation; and (4) engaging in conduct prejudicial to the administration of justice.
¶ 4. Attorney Peiss did not notify the Office of Lawyer Regulation (OLR) of the Illinois disbarment within 20 days of its effective date.
¶ 5. On April 1, 2016, the OLR filed a complaint against Attorney Peiss alleging the following counts of misconduct:
Count One: By virtue of the Illinois disciplinary disbarment, Attorney Peiss is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[1]
Count Two: By failing to notify the OLR of his disbarment in Illinois for professional misconduct within 20 days of the effective date of its imposition, Attorney Peiss violated SCR 22.22(1).
¶ 6. Attorney Peiss filed an answer to the OLR's complaint on July 12, 2016. He filed an amended answer on September 9, 2016. The amended answer raised three affirmative defenses: (1) that the hearing in Illinois was conducted without notice to, or service of process on Attorney Peiss; (2) that Attorney Peiss had no opportunity to be heard in the Illinois action; and (3) that there was no proof of any misconduct in Illinois.
¶ 7. The OLR filed a motion for summary judgment. Following briefing, the referee granted the summary judgment motion. The referee noted that under *85 SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply. Attorney Peiss argued that "the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." See SCR 22.22(3)(a). Attorney Peiss claimed that the failure of the Illinois disciplinary authorities to personally serve him with either of the two complaints filed in the Illinois action was fatal to the Illinois court's prosecution of the disciplinary case against him. The referee disagreed.
¶ 8. The referee noted that the pertinent Illinois rule, Attorney Registration and Disciplinary Commission (ARDC) Rule 214(b) provides that an attorney may be served either by personal service or, if a person authorized to make personal service files an affidavit that the respondent resides out of state, has left the state, on due inquiry cannot be found, or is concealed within the state so that process cannot be served upon him, the respondent may be served by ordinary mail.
f 9. The referee said a review of the Illinois ARDC record and statements of Attorney Peiss confirm that he was not personally served. However, the referee said the Illinois record makes clear that at the time the ARDC's original complaint was filed, Attorney Peiss was in contact with the ARDC and was aware as early as June of 2013 that a disciplinary inquiry was under way. In addition, the referee said following the filing of the first complaint, Attorney Peiss was in contact with an investigator from the ARDC and was aware the ARDC wanted to personally serve the complaint on him. According to the Illinois record, Attorney Peiss told an ARDC investigator that he would return to Chicago to accept service of the complaint on *86 August 6, 2013. Attorney Peiss never made contact with the ARDC to accept service. ARDC later hired a process server to attempt service on Attorney Peiss in Madison, Wisconsin, where he was taking care of his mother who had suffered a stroke. This attempt at personal service was also unsuccessful and substitute service was made by mail. Attorney Peiss did not answer the complaint.
¶ 10. The referee went on to note that the ARDC subsequently filed an amended complaint on December 10, 2013. This complaint was mailed to Attorney Peiss, and the record indicates that he received the complaint but failed to file an answer. The Illinois matter came on for a hearing before the Board of Illinois Attorney Registration and Disciplinary Commission (Board) on June 16, 2014. Attorney Peiss appeared at the hearing and was represented by counsel. The referee noted that because the substantive accusations of the amended complaint had been deemed admitted by Attorney Peiss's failure to file an answer, the hearing dealt with the disciplinary recommendation. However, the referee said it appeared from the report and recommendation in the Illinois case that the Board did allow Attorney Peiss to make some due process arguments pertaining to the alleged lack of personal service, but the Board was not persuaded by his claims. The chair of the Board specifically said that "after listening to respondent's testimony and observing his demeanor at the hearing, we did not find him credible."
¶ 11. The referee said:
[I]t [is] impossible to believe that the respondent was in any way deprived of due process in the Illinois proceedings against him. Any problems in service were the direct result of the respondent's own misbehavior *87 and not the result of any failure on the part of the ARDC. Further, the due process issue was considered by the Illinois authorities at the June 2015 [sic] hearing and respondent's arguments were properly rejected by that tribunal.
¶ 12. The referee went on to point out that Attorney Peiss "undertook the same sort of behavior" when attempts were made to serve the complaint in the instant action. The referee noted that according to an affidavit of the process server, numerous attempts at personal service were made without success and when the process server finally made telephone contact with Attorney Peiss to discuss meeting to accept service, Attorney Peiss's response was, "ah no," whereupon he hung up on the process server, after which the complaint had to be served by mail.
¶ 13. The referee rejected Attorney Peiss's argument that reciprocal discipline was unwarranted because he was denied due process in the Illinois proceeding. The referee granted the OLR's motion for summary judgment and recommended that this court impose discipline reciprocal to that imposed by the Supreme Court of Illinois, i.e. the revocation of Attorney Peiss's license to practice law in Wisconsin. The referee also recommended that Attorney Peiss be assessed the full costs of this proceeding.
f 14. Attorney Peiss has not appealed the referee's report and recommendation. Accordingly, this court reviews the matter pursuant to SCR 22.17(2), which provides that if no appeal is timely filed, the court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.
*88 ¶ 15. Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law. We agree with the referee that Attorney Peiss failed to demonstrate that he was denied due process in the Illinois proceeding. Accordingly, we approve the referee's recommendation and impose the identical discipline imposed by the Supreme Court of Illinois, namely the revocation of Attorney Peiss's license to practice law in Wisconsin. We also assess the full costs of the proceeding against Attorney Peiss.
f 16. IT IS ORDERED that the license of John H. Peiss to practice law in Wisconsin is revoked, effective the date of this order.
¶ 17. IT IS FURTHER ORDERED that, to the extent he has not already done so, John H. Peiss shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.
¶ 18. IT IS FURTHER ORDERED that within 60 days of the date of this order, John H. Peiss shall pay to the Office of Lawyer Regulation the costs of this proceeding.
¶ 19. IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).

 SCR 22.22 provides: Reciprocal Discipline.
(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.