¶ 20.
SHIRLEY S. ABRAHAMSON, J.

{concurring

in part and dissenting in part). I concur with the per curiam opinion accepting the stipulation between Attorney Gillette and OLR and suspending Attorney Gillette's license for 60 days as reciprocal discipline identical to that imposed by the Supreme Court of Minnesota.
¶ 21. I dissent from the per curiam's order requiring Attorney Gillette to comply with the terms and conditions imposed by the disciplinary order in Minnesota to make the discipline identical under SCR 22.22(3).
¶ 22. This proceeding raises two questions for me.
¶ 23. First, the proceeding raises the question whether the court has extended a stipulation beyond its terms. Attorney Gillette and the OLR did not stipulate to any Minnesota discipline other than a 60-day suspension.
f 24. Second, the proceeding raises the question of what is identical discipline in a reciprocal discipline matter. Supreme Court Rule 22.22(3) provides that in *120 reciprocal discipline cases this court "shall impose the identical discipline" imposed by the other state.
¶ 25. Minnesota has imposed forms of discipline on Attorney Gillette that Wisconsin typically does not impose. Nevertheless, the per curiam imposes this Minnesota discipline on Attorney Gillette as part of Attorney Gillette's Wisconsin discipline.
¶ 26. Two other reciprocal disciplinary proceedings have been pending before this court while the instant case has been considered: In re Disciplinary Proceedings Against Buzawa, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing May 11, 2017), and In re Disciplinary Proceedings Against Peiss, 2017 WI 49, 375 Wis. 2d 82, 895 N.W.2d 9. They too present issues about identical reciprocal discipline.
HH
¶ 27. Attorney Gillette's stipulation with OLR reads, in relevant part, as follows:
10. Gillette agrees that it would be appropriate for the Supreme Court of Wisconsin to impose the level of discipline sought by OLR's Director, specifically, a 60 day suspension of Gillette ⅛ license to practice law in Wisconsin. (Emphasis added.)
¶ 28. This is the only provision in the stipulation relating to the Minnesota or Wisconsin discipline.
¶ 29. OLR's Memorandum in Support of SCR 22.12 Stipulation, filed on April 19, 2017, states: "Gillette and OLR signed a SCR 22.12 Stipulation requesting the Supreme Court of Wisconsin to approve the *121 parties' stipulation and suspend Gillette's Wisconsin license to practice law for 60 days based upon the Minnesota action."[1]
¶ 30. It is evident from the stipulation and the OLR memorandum that Attorney Gillette stipulated only to the 60-day suspension of his license to practice law in Wisconsin. He did not stipulate to any other reciprocal discipline. He could have so stipulated, but he did not. He might so stipulate if asked, but he has not been asked.
¶ 31. Instead, the court takes a short-cut and reads the stipulation to include terms not stated. To respond to this criticism that the court has not abided by the parties' stipulation, the court in n.4 tries to prove the stipulation is broader than its terms. It bootstraps Litigation Counsel William Weigel's description of the stipulation as a "comprehensive stipulation" in his separate statement of OLR costs to mean that Attorney Gillette stipulated to more than the 60-day suspension.
*122 ¶ 32. Attorney John T. Payette, Assistant Litigation Counsel, not Attorney Weigel, signed the Complaint and Motion for reciprocal discipline on November 21, 2016, the stipulation with Attorney Gillette on February 28, 2017, and the OLR Memorandum on April 19, 2017. OLR Attorney Payette's description of the stipulation, not Attorney Weigel's obvious off-hand comment in a document relating to costs, is of import.
¶ 33. The instant case is not consistent with Office of Lawyer Regulation v. Curtin, 2014 WI 90, 357 Wis. 2d 247, 849 N.W.2d 747, or In re Disciplinary Proceedings Against Milos, 2012 WI 6, 338 Wis. 2d 316, 808 N.W.2d 128.
¶ 34. In Curtin, the stipulation filed by OLR and Attorney Curtin requested the court to publicly reprimand Attorney Curtin as reciprocal discipline identical to that imposed by Arizona; no request was made to impose other discipline imposed by Arizona. Arizona imposed a reprimand, a year of probation, and participation in a trust account ethics program. The Wisconsin Supreme Court imposed only a public reprimand, not the other discipline imposed by Arizona.
¶ 35. This court does not explain why Attorney Gillette is being treated differently than Attorney Curtin, although the key aspects of the stipulations in the two cases are the same.
¶ 36. In contrast, in In re Disciplinary Proceedings Against Milos, 2012 WI 6, 338 Wis. 2d 316, 808 N.W.2d 128, the OLR and Attorney Milos stipulated to the imposition of discipline identical to that imposed by Illinois. Illinois imposed a 90-day suspension and directed Attorney Milos to complete the Illinois Commission's Professionalism Seminar and to reimburse the Client Protection Program Trust Fund. This court ordered a 90-day suspension and compliance "with the *123 terms and conditions set forth in the Illinois Supreme Court's order." This court does not explain why Attorney Gillette is being treated the same as Attorney Milos although the key aspects of the stipulations in the two cases are different.[2]
I—I I—I
¶ 37. The court's order imposing the Minnesota terms to make the discipline identical in Wisconsin relies on two prior cases: In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 281, 684 N.W.2d 667, and In re Disciplinary Proceedings Against Hooker, 2010 WI 13, 322 Wis. 2d 552, 779 N.W.2d 419. Neither case is applicable in the instant case.
¶ 38. In Moree, unlike in the instant case, "[t]he OLR and Attorney Moree request and stipulate that as reciprocal discipline this court impose a three-month suspension . . . and order him to comply with the terms and conditions established by the Illinois Supreme Court." Moree, 275 Wis. 2d at 281. Moree agreed to imposition of the Illinois conditions. See also the Milos case, described above.
*124 ¶ 39. In In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶ 9, 322 Wis. 2d 552, 779 N.W.2d 419, this court ordered Attorney Hooker to show cause why the imposition of discipline identical to that imposed by Colorado would be unwarranted. Attorney Hooker did not respond to the court order. The court imposed a form of discipline imposed by Colorado even though Wisconsin does not typically impose that form of discipline.
¶ 40. This court in the instant case has not given Attorney Gillette or OLR notice and an opportunity to be heard on the issue of what constitutes identical discipline. Instead, this court unilaterally enlarges Gillette's and the OLR's stipulation and decides by itself and for itself what constitutes identical discipline.
¶ 41. As far as I am concerned, this court has overstepped the stipulation and has not followed prior reciprocal discipline cases in the instant case.
¶ 42. The instant case made me curious about other reciprocal discipline cases. In searching the OLR discipline cases of the last five years, I found 24 reciprocal discipline cases to discuss in considering the instant case, In re Disciplinary Proceedings Against Buzawa, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing May 11, 2017), and In re Disciplinary Proceedings Against Peiss, 2017 WI 49, 375 Wis. 2d 82, 895 N.W.2d 9.[3]
*125 ¶ 43. In most of these reciprocal discipline cases in the last five years, identical discipline could be and was imposed in Wisconsin.
¶ 44. The other reciprocal discipline cases pose a variety of issues. I have discussed Curtin and Milos above. Here is a synopsis of some of these other reciprocal discipline cases.
¶ 45. In In re Disciplinary Proceedings Against Taber, 2012 WI 9, 338 Wis. 2d 534, 809 N.W.2d 29, Arizona imposed a one-year suspension, probation with conditions, and restitution. The attorney did not *126 respond to this court's order to show cause why reciprocal discipline was not warranted. The Wisconsin Supreme Court suspended the attorney's license for one year and ordered the attorney to comply with the terms of probation and restitution. For other reciprocal discipline cases in which the attorney did not respond to the court's order to show cause and the court imposed conditions imposed by the other state not generally imposed in Wisconsin, see In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145; In re Disciplinary Proceedings Against Manion, 2016 WI 88, 372 Wis. 2d 34, 886 N.W.2d 371.
f 46. In In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379, Minnesota imposed a public reprimand, a one-year suspension, and probation for two years with conditions. Because the period of probation (without any violation) expired before this court imposed reciprocal discipline, the discipline imposed in Wisconsin was identical to that imposed by Minnesota: a public reprimand and one-year suspension. The issue in Eichhorn-Hicks was whether Wisconsin's one-year suspension should be effective as of the date of the order or whether it should be retroactive.[4]
f 47. In In re Disciplinary Proceedings Against Nett, 2014 WI 106, 358 Wis. 2d 300, 852 N.W.2d 486, Minnesota suspended Attorney Nett's Minnesota license with no right to petition for reinstatement for a minimum of nine months. The attorney did not timely *127 respond to the Wisconsin Supreme Court's order to show cause why reciprocal discipline is not warranted but sent a letter to the OLR stating that she did not contest the OLR's complaint requesting the court to suspend her license for one year. This court stated it was imposing identical discipline and suspended the attorney's Wisconsin license for one year, not the nine months to which Minnesota referred. No explanation appears for the one-year suspension rather than nine months.
¶ 48. In sum, three cautions arise from the instant case and my analysis of the 24 reciprocal discipline cases in the last five years:
(1) A stipulation is a stipulation is a stipulation. If the court does not want to adhere to the stipulation, it must take appropriate steps to decline the stipulation. Although this court just cannot unilaterally stretch the terms of the stipulation to make it suit the court's purposes, it has.
(2) The court should treat similarly situated persons similarly. On the basis of my five-year study, the case law in reciprocal discipline is not consistent.
(3) The instant case and the numerous reciprocal discipline cases I summarize above are illustrative of foreseeable and recurring problems in reciprocal discipline. I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, review and revise the Supreme Court Rules imposing reciprocal identical discipline when a lawyer licensed in Wisconsin is disciplined in another state.
*128 ¶ 49. For the reasons set forth, I dissent from the per curiam opinion imposing discipline beyond the 60-day suspension to which Attorney Gillette and the OLR stipulated.

 The per curiam is critical of the length of time (about two months) it took the OLR to file this memorandum with the court.
I am confident that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter) will examine the time it takes each entity in the chain of discipline proceedings to perform its function, including the OLR, the Preliminary Review Committee, the referee, and this court. This court's Internal Operating Procedures (printed in volume 6 of the Wisconsin Statutes) provide that per curiam opinions in attorney disciplinary proceedings are prepared by a court commissioner for the court's consideration. Wis. S. Ct. IOP III-H (Feb. 13, 2017).
Several years ago when I did a "time" study I found what appeared to be unwarranted delay at every step.

 For other cases in which the court imposed another state's discipline, see In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145 (the respondent attorney did not respond to the court's order to show cause why identical reciprocal discipline was unwarranted; the court ordered compliance with restitution and (unstated) conditions imposed by Michigan); In re Disciplinary Proceedings Against Manion, 2016 WI 88, 372 Wis. 2d 34, 886 N.W.2d 371 (the respondent attorney did not respond to the court's order to show cause why identical reciprocal discipline was unwarranted; the court "impose [d] discipline substantially identical to that imposed by the Supreme Court of Arizona"; Arizona had ordered restitution and (unstated) conditions).

 In many of these cases, the respondent attorney and OLR stipulated to the reciprocal discipline or the respondent attorney responded in some fashion to the OLR's complaint. See, e.g., In re Disciplinary Proceedings Against Silberman, 2017 WI 10, 373 Wis. 2d 187, 890 N.W.2d 586; In re Disciplinary Proceedings Against Jones, 2016 WI 86, 372 Wis. 2d 23, 886 N.W.2d 92; In re Disciplinary Proceedings Against Boyle, 2016 WI 40, 368 Wis. 2d 590, 879 N.W.2d 114; In re Disciplinary *125 Proceedings Against Borman, 2016 WI 25, 367 Wis. 2d 543, 877 N.W.2d 370; In re Disciplinary Proceedings Against Aleman, 2015 WI 112, 365 Wis. 2d 676, 872 N.W.2d 655; In re Disciplinary Proceedings Against Fischer, 2014 WI 107, 852 N.W.2d 487; In re Disciplinary Proceedings Against Albert, 2014 WI 105, 852 N.W.2d 488; In re Disciplinary Proceedings Against Nickitas, 2014 WI 12, 352 Wis. 2d 641, 843 N.W.2d 438; In re Disciplinary Proceedings Against Stanek, 2013 WI 41, 347 Wis. 2d 216, 830 N.W.2d 639; In re Disciplinary Proceedings Against Butler, 2012 WI 37, 340 Wis. 2d 1, 811 N.W.2d 807; In re Disciplinary Proceedings Against Addison, 2012 WI 38, 340 Wis. 2d 16, 813 N.W.2d 201.
In several of these cases, the respondent attorney did not answer the OLR complaint and motion for reciprocal discipline. See In re Disciplinary Proceedings Against Gonzalez, 2016 WI 87, 372 Wis. 2d 27, 886 N.W.2d 368; In re Disciplinary Proceedings Against Waters, 2016 WI 15, 367 Wis. 2d 279, 876 N.W.2d 145; In re Disciplinary Proceedings Against Stockman, 2014 WI 113, 358 Wis. 2d 341, 854 N.W.2d 370; In re Disciplinary Proceedings Against Hicks, 2013 WI 9, 345 Wis. 2d 265, 826 N.W.2d 41; In re Disciplinary Proceedings Against Payne, 2012 WI 109, 344 Wis. 2d 20, 821 N.W.2d 246.
In a few of these cases the respondent attorney challenged the other state's disciplinary proceedings. See, e.g., In re Disciplinary Proceedings Against Selmer, 2016 WI 71, 371 Wis. 2d 377, 882 N.W.2d 815; In re Disciplinary Proceedings Against Strizic, 2015 WI 57, 362 Wis. 2d 659, 864 N.W.2d 869.

 Retroactive discipline in Wisconsin to run coterminous with the suspension imposed by the other state was also raised in In re Disciplinary Proceedings Against Nickitas, 2014 WI 12, 352 Wis. 2d 641, 843 N.W.2d 438.
Retroactive imposition of discipline is an issue that comes up frequently in various types of discipline cases.