¶ 21.
ANN WALSH BRADLEY, J.
(concurring). I agree with the court's mandate but I write separately to state my disagreement with the court's statement in f 14 of the opinion which states, "We agree that identical discipline is not an option in this case so a different sanction must be imposed." The United States Patent and Trademark Office (USPTO) excluded Attorney Carl J. Schwedler from practice. The Office of Lawyer Regulation (OLR) has advised this court that "exclusion from practice" before the USPTO effectively means disbarment for five years. Majority op., fn 1.
f 22. We could indeed impose identical discipline. We could revoke Attorney Schwedler's license to practice law in Wisconsin under SCR 21.16(1m)(a). See In re Disciplinary Proceedings Against Peiss, 2017 WI 49, ¶ 24, 375 Wis. 2d 82, 895 N.W.2d 9, (Abrahamson, J. concurring, stating that "disbarment in Illinois appears to be identical to license revocation in Wisconsin.") Rather, in this case we exercise our discretion and opt to impose a lesser sanction in the form of a six-month suspension of Attorney Schwedler's law license. For the reasons set forth, I write separately.
¶ 23. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.