In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John H. PEISS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

John H. PEISS, Respondent.

Supreme Court

*No. 2008AP1847–D. Decided September 17, 2010.*

2010 WI 115

(Also reported in 788 N.W.2d 636.)

¶ 1. PER CURIAM. In this reciprocal discipline matter, we review the report of the referee, John R. Decker, recommending the license of Attorney John H. Peiss to practice law in Wisconsin be suspended for one year and that he pay the full costs of this disciplinary proceeding. Upon review of the matter, we accept the recommendation and impose a one-year license suspension as discipline reciprocal to that imposed by the Supreme Court of Illinois. We assess the costs of this disciplinary proceeding against Attorney Peiss.

¶ 2. Attorney Peiss was admitted to practice law in Wisconsin on September 13, 1982. Attorney Peiss was previously admitted to practice law in Illinois on March 6, 1982. Attorney Peiss's license to practice law in Wisconsin was suspended on June 8, 1999, for failure to comply with continuing legal education requirements. His license remains suspended.

¶ 3. On July 29, 2008, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Peiss

seeking a one-year suspension of his license to practice law in Wisconsin as discipline reciprocal to that imposed in Illinois. The complaint states that on May 16, 2006, the Supreme Court of Illinois ordered the suspension of Attorney Peiss's law license for one year. According to the OLR complaint, Attorney Peiss had not been previously disciplined in Illinois, and he had been diagnosed with opiate and benzodiazepine (sedative) dependence.

¶ 4. Attorney Peiss's misconduct in Illinois consisted of conversion and the unauthorized practice of the law. Attorney Peiss handled a Texas medical malpractice claim without being admitted to practice law in Texas, converted $2,094 in client funds in the matter, and misrepresented to his client that the funds were expended on costs. In addition, Attorney Peiss notarized a forged signature on a mortgage for a client and misled the administrator of the Illinois Attorney Registration and Disciplinary Commission about having observed the named signatory execute the documents.

¶ 5. As a result of his misconduct, Attorney Peiss was found to have engaged in conversion of funds, commingling of funds, failure to act with reasonable diligence, failure to keep a client reasonably informed, and practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction. Attorney Peiss was also found to have made a statement of material fact in connection with the lawyer disciplinary matter which he knew to be false, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Attorney Peiss's conduct was found to be prejudicial to the administration of justice, and tended to defeat the administration of justice and bring the courts or the legal profession into disrepute, all in violation of the Illinois Rules of Professional Conduct.

¶ 6.    Attorney Peiss failed to notify the OLR of the Illinois Supreme Court's May 16, 2006, disciplinary order within 20 days of its effective date. The OLR first learned of Attorney Peiss's Illinois disciplinary ruling in February 2008 through the American Bar Association Center for Professional Responsibility. The OLR alleges that by virtue of having been suspended by the Supreme Court of Illinois for his violation of the Illinois Rules of Professional Conduct, Attorney Peiss is subject to reciprocal discipline pursuant to SCR 22.22.[1]

---

[1] SCR 22.22 states, in pertinent part:    Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

328

¶ 7. In addition, the OLR states that by failing to notify the OLR of the suspension of his Illinois law license within 20 days of the effective date of that jurisdiction's imposition of public discipline for professional misconduct, Attorney Peiss violated SCR 22.22(1).

¶ 8. Attorney Peiss does not dispute that his Illinois license to practice law was suspended. However, as an affirmative defense, he asserted there was such an infirmity of proof establishing misconduct in Illinois that this court could not impose the identical discipline imposed by Illinois. *See* SCR 22.22(3)(b). Pursuant to SCR 22.22(5), the court referred the matter to a referee for a hearing.

¶ 9. On December 15, 2009, the referee conducted a hearing to consider the OLR's motion for summary judgment. The OLR filed an affidavit transmitting the entire Illinois disciplinary file. Attorney Peiss moved for a continuance and to disqualify the OLR's counsel.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

Attorney Peiss identified no witnesses and offered no testimony, affidavits or other documents to oppose the OLR's motion.

¶ 10. The referee determined that Attorney Peiss presented no specific facts showing a genuine issue for trial. The referee further determined Attorney Peiss offered no reasons why he did not present facts by affidavit essential to justify his opposition to the summary judgment motion. The referee concluded that as the party opposing summary judgment, Attorney Peiss may not rest upon mere allegations or denials in his pleadings, but instead through affidavits or otherwise must set forth specific facts showing a genuine issue for trial. *See* Wis. Stat. § 802.08(3); SCR 22.16(1).

¶ 11. The referee concluded the pleadings and papers on file demonstrated that Attorney Peiss had full notice of the charges against him in Illinois and had the opportunity to be heard in a meaningful time and manner. In addition, the referee found that Attorney Peiss was represented by counsel in the Illinois proceedings. The referee found Attorney Peiss offered no evidence to the contrary in this disciplinary proceeding.

¶ 12. Referee Decker observed that the record revealed Attorney Peiss willingly and voluntarily consented to the imposition of professional discipline in Illinois with the full opportunity to consider the evidence against him, as well as evidence in mitigation. Referee Decker was satisfied the evidence against Attorney Peiss in the Illinois proceeding was well-developed and freely admitted by Attorney Peiss. Referee Decker also observed Attorney Peiss made no evidentiary showing that he was incompetent to make the representations made in his affidavit to support the petition to impose discipline by consent in the Illinois

proceedings, or that he was incompetent to testify at the March 10, 2006, hearing on the petition in the Illinois proceedings.

¶ 13. Referee Decker concluded Attorney Peiss failed to meet his burden of proof under SCR 22.22(5) that the imposition of reciprocal discipline is unwarranted in any respect enumerated under SCR 22.22(3). Referee Decker noted Attorney Peiss had not claimed nor shown that the defense of these proceedings is made impossible in part due to any medical condition. Referee Decker was satisfied that Attorney Peiss failed to show any disputed issue of fact, or reasonable conflicting inferences from uncontested facts, which would warrant the denial of the OLR's summary judgment motion. In addition, Referee Decker concluded Attorney Peiss made no showing that discipline under Wisconsin precedent for the misconduct established in the Illinois proceedings would vary in material respect from the discipline actually imposed against him in Illinois. The referee concluded the OLR is entitled as a matter of law to the entry of judgment imposing reciprocal discipline.

¶ 14. No appeal of the referee's report and recommendation has been filed. Consequently, this court reviews the matter pursuant to SCR 22.17(2) ("If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.").

¶ 15. After fully reviewing the matter, we adopt the findings of fact and conclusions of law set forth in the referee's report. We approve the referee's recommendation and impose the discipline identical to that

imposed by the Supreme Court of Illinois. SCR 22.22(3). We assess full costs against Attorney Peiss in this disciplinary proceeding.[2]

¶ 16.  IT IS ORDERED that the license of John H. Peiss to practice law in Wisconsin is suspended for one year, effective as of the date of this order.

¶ 17.  IT IS FURTHER ORDERED that to the extent he has not already done so, John H. Peiss shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 18.  IT IS FURTHER ORDERED that within 60 days of the date of this order, John H. Peiss shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of John H. Peiss to practice law in Wisconsin shall remain suspended until further order of this court.

---

[2] The OLR filed a statement of costs on July 13, 2010, seeking $3,062.54 in costs. Attorney Peiss has filed no objection to the costs.