# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2016AP663-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John H. Peiss, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>John H. Peiss,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST PEISS

| | |
|---|---|
| OPINION FILED: | May 11, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | ABRAHAMSON, J. concurs (opinion filed). |
|  CONCURRED/DISSENTED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP663-D

STATE OF WISCONSIN　　　　　　:　IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John H. Peiss, Attorney at Law:**

**Office of Lawyer Regulation,**

　　　　　**Complainant,**

　　v.

**John H. Peiss,**

　　　　　**Respondent.**

**FILED**

**MAY 11, 2017**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1　PER CURIAM. We review the report of Referee John B. Murphy recommending that Attorney John H. Peiss's license to practice law in Wisconsin should be revoked, as discipline reciprocal to that imposed by the Supreme Court of Illinois. Upon careful review of the matter, we accept the referee's recommendation. We also assess the costs of the proceeding, which are $2,026.90 as of December 28, 2016, against Attorney Peiss.

¶2 Attorney Peiss was admitted to practice law in Wisconsin in 1982. He was also admitted to practice law in Illinois on March 6, 1992. Attorney Peiss's license to practice law in Wisconsin was suspended in 1999 for failure to comply with continuing legal education requirements and failure to pay state bar dues. In 2010, Attorney Peiss's Wisconsin law license was suspended for one year as discipline reciprocal to that imposed by the Supreme Court of Illinois. Attorney Peiss's misconduct in Illinois consisted of conversion and the unauthorized practice of law. See In re Disciplinary Proceedings Against Peiss, 2010 WI 115, 329 Wis. 2d 325, 788 N.W.2d 636. His Wisconsin license remains suspended.

¶3 On September 21, 2015, the Supreme Court of Illinois entered an order disbarring Attorney Peiss in that state. The disbarment was based on four counts of misconduct: (1) practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction by practicing law in Illinois while suspended; (2) committing a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer in other respects by committing the criminal offense of theft; (3) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and (4) engaging in conduct prejudicial to the administration of justice.

¶4 Attorney Peiss did not notify the Office of Lawyer Regulation (OLR) of the Illinois disbarment within 20 days of its effective date.

¶5 On April 1, 2016, the OLR filed a complaint against Attorney Peiss alleging the following counts of misconduct:

Count One: By virtue of the Illinois disciplinary disbarment, Attorney Peiss is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[1]

Count Two: By failing to notify the OLR of his disbarment in Illinois for professional misconduct within 20 days of the effective date of its imposition, Attorney Peiss violated SCR 22.22(1).

¶6 Attorney Peiss filed an answer to the OLR's complaint on July 12, 2016. He filed an amended answer on September 9, 2016. The amended answer raised three affirmative defenses: (1) that the hearing in Illinois was conducted without notice to, or service of process on Attorney Peiss; (2) that Attorney Peiss had no opportunity to be heard in the Illinois action; and (3) that there was no proof of any misconduct in Illinois.

¶7 The OLR filed a motion for summary judgment. Following briefing, the referee granted the summary judgment motion. The referee noted that under SCR 22.22(3), this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply.

---

[1] SCR 22.22 provides: Reciprocal Discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

3

Attorney Peiss argued that "the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." See SCR 22.22(3)(a). Attorney Peiss claimed that the failure of the Illinois disciplinary authorities to personally serve him with either of the two complaints filed in the Illinois action was fatal to the Illinois court's prosecution of the disciplinary case against him. The referee disagreed.

¶8 The referee noted that the pertinent Illinois rule, Attorney Registration and Disciplinary Commission (ARDC) Rule 214(b) provides that an attorney may be served either by personal service or, if a person authorized to make personal service files an affidavit that the respondent resides out of state, has left the state, on due inquiry cannot be found, or is concealed within the state so that process cannot be served upon him, the respondent may be served by ordinary mail.

¶9 The referee said a review of the Illinois ARDC record and statements of Attorney Peiss confirm that he was not personally served. However, the referee said the Illinois record makes clear that at the time the ARDC's original complaint was filed, Attorney Peiss was in contact with the ARDC and was aware as early as June of 2013 that a disciplinary inquiry was under way. In addition, the referee said following the filing of the first complaint, Attorney Peiss was in contact with an investigator from the ARDC and was aware the ARDC wanted to personally serve the complaint on him. According to the Illinois record, Attorney Peiss told an ARDC investigator that

4

he would return to Chicago to accept service of the complaint on August 6, 2013. Attorney Peiss never made contact with the ARDC to accept service. ARDC later hired a process server to attempt service on Attorney Peiss in Madison, Wisconsin, where he was taking care of his mother who had suffered a stroke. This attempt at personal service was also unsuccessful and substitute service was made by mail. Attorney Peiss did not answer the complaint.

¶10 The referee went on to note that the ARDC subsequently filed an amended complaint on December 10, 2013. This complaint was mailed to Attorney Peiss, and the record indicates that he received the complaint but failed to file an answer. The Illinois matter came on for a hearing before the Board of Illinois Attorney Registration and Disciplinary Commission (Board) on June 16, 2014. Attorney Peiss appeared at the hearing and was represented by counsel. The referee noted that because the substantive accusations of the amended complaint had been deemed admitted by Attorney Peiss's failure to file an answer, the hearing dealt with the disciplinary recommendation. However, the referee said it appeared from the report and recommendation in the Illinois case that the Board did allow Attorney Peiss to make some due process arguments pertaining to the alleged lack of personal service, but the Board was not persuaded by his claims. The chair of the Board specifically said that "after listening to respondent's testimony and observing his demeanor at the hearing, we did not find him credible."

¶11 The referee said:

[I]t [is] impossible to believe that the respondent was in any way deprived of due process in the Illinois proceedings against him. Any problems in service were the direct result of the respondent's own misbehavior and not the result of any failure on the part of the ARDC. Further, the due process issue was considered by the Illinois authorities at the June 2015 [sic] hearing and respondent's arguments were properly rejected by that tribunal.

¶12 The referee went on to point out that Attorney Peiss "undertook the same sort of behavior" when attempts were made to serve the complaint in the instant action. The referee noted that according to an affidavit of the process server, numerous attempts at personal service were made without success and when the process server finally made telephone contact with Attorney Peiss to discuss meeting to accept service, Attorney Peiss's response was, "ah no," whereupon he hung up on the process server, after which the complaint had to be served by mail.

¶13 The referee rejected Attorney Peiss's argument that reciprocal discipline was unwarranted because he was denied due process in the Illinois proceeding. The referee granted the OLR's motion for summary judgment and recommended that this court impose discipline reciprocal to that imposed by the Supreme Court of Illinois, i.e. the revocation of Attorney Peiss's license to practice law in Wisconsin. The referee also recommended that Attorney Peiss be assessed the full costs of this proceeding.

¶14 Attorney Peiss has not appealed the referee's report and recommendation. Accordingly, this court reviews the matter

pursuant to SCR 22.17(2), which provides that if no appeal is timely filed, the court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.

¶15 Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law. We agree with the referee that Attorney Peiss failed to demonstrate that he was denied due process in the Illinois proceeding. Accordingly, we approve the referee's recommendation and impose the identical discipline imposed by the Supreme Court of Illinois, namely the revocation of Attorney Peiss's license to practice law in Wisconsin. We also assess the full costs of the proceeding against Attorney Peiss.

¶16 IT IS ORDERED that the license of John H. Peiss to practice law in Wisconsin is revoked, effective the date of this order.

¶17 IT IS FURTHER ORDERED that, to the extent he has not already done so, John H. Peiss shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order, John H. Peiss shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶19 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).

¶20 SHIRLEY S. ABRAHAMSON, J. (*concurring*) This is a reciprocal discipline case.[1] It raises the question of what is "identical discipline" in a reciprocal discipline matter.[2]

¶21 The Office of Lawyer Regulation seeks revocation of Attorney Peiss's Wisconsin license in the instant case, while the Illinois discipline was "disbarment." The documents filed by the OLR in the instant case, like the documents filed in other reciprocal discipline cases, do not explain the extent to which the other state's discipline (here disbarment) is or is not identical to the Wisconsin discipline of revocation.

¶22 This failure on the part of the OLR hampers the work of this court. The per curiam opinion is defective in not equating disbarment and revocation.

¶23 I conclude that the OLR should improve its presentation in reciprocal discipline cases by comparing the Wisconsin discipline to be imposed with the discipline imposed in the other state.

¶24 For example, my research of Illinois law indicates that disbarment in Illinois amounts to a five-year revocation of the license before the attorney may seek reinstatement. See

---

[1] In my dissent in In re Disciplinary Proceedings Against Buzawa, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing May 11, 2017), I compared what I view as the correct procedure used in the instant case with what I considered a flawed procedure used in Buzawa to gauge a lawyer's challenge to another state's discipline proceeding. The Buzawa order is attached as Attachment A.

[2] See SCR 22.22(3).

1

Illinois Rule 767. Thus, disbarment in Illinois appears to be identical to license revocation in Wisconsin. SCR 22.29(2).

¶25 The OLR has an advantage over a justice or a Supreme Court commissioner in determining Illinois law. In contrast with a justice or court staff——who may not engage in ex parte communications——the OLR may do its own research on other states' laws, may seek assistance from officials in other states, and may submit proof regarding the nature of the other state's discipline. A lawyer challenging the proposed Wisconsin discipline may submit his or her own documentation regarding the imposition of identical discipline.

¶26 If this case were initially a Wisconsin matter, the court in all probability would order restitution to the attorney's victims. The Illinois proceeding did not order restitution. Should Wisconsin nevertheless seek restitution before the Wisconsin license is reinstated?

¶27 The instant case, as well as other reciprocal discipline cases, raise the question of what is identical discipline. I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, should consider reviewing and revising the Supreme Court Rules governing reciprocal discipline when a lawyer licensed in Wisconsin is disciplined in another state.

¶28 For the reasons set forth, I write separately.

# ATTACHMENT A



OFFICE OF THE CLERK

## Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

May 11, 2017

**To:**

Julie M. Spoke
Office of Lawyer Regulation
110 E. Main St., Ste. 315
Madison, WI 53703

Heidi Johnson
Office of Lawyer Regulation
110 E. Main Street, Ste 315
Madison, WI 53703

Carl G. Buzawa
25160 Ridge Oak Drive
Bonita Springs, FL 34134

State Bar of Wisconsin
P.O. Box 7158
Madison, WI 53707-7158

You are hereby notified that the Court has entered the following order:

---

No. 2016AP2351-D        Office of Lawyer Regulation v. Carl G. Buzawa

SHIRLEY S. ABRAHAMSON, J. *(dissenting)* (separate writing appended on May 11, 2017, to order filed April 10, 2017). On April 10, 2017, the court issued the dismissal order in the instant case without awaiting my writing. The order stated that my separate writing would follow. The dismissal order is attached hereto as Attachment 1. This is my separate writing.

I disagree with this court's order dated April 10, 2017, dismissing the Office of Lawyer Regulation's (OLR's) reciprocal discipline complaint against Attorney Carl G. Buzawa. I therefore write in dissent.[1] I shall discuss the following two critical, worrying flaws in the order:

I. The decision is remarkably defective as a matter of fact and law.

This court's dismissal order is based on Attorney Buzawa's February 4, 2017 letter claiming that the Maine Board of Overseers of the Bar (Maine's counterpart to the OLR) and the disciplinary proceedings violated constitutional due process by failing to serve him with notice

---

[1] Attorney Buzawa's license to practice law in Wisconsin has been administratively suspended since October 2013 for failure to pay bar dues and failure to file the required trust account certification, and continues to be suspended.

Page 2
May 11, 2017
No. 2016AP2351-D    Office of Lawyer Regulation v. Carl G. Buzawa

of the Maine discipline proceedings. See SCR 22.22(3)(a), allowing a challenge to reciprocal discipline on due process grounds.[2]

Yet Attorney Buzawa never presents any proof in fact or law of his claim. He merely presents his January 14, 2017 and February 4, 2017 letters to the OLR, which are Attachments 2 and 3, respectively.

Without explanation, the court gives no credence to certified copies of the official Maine discipline records, which the OLR filed with this court as SCR 22.22(2)(a) requires. The Maine documents assert that Attorney Buzawa was served with notice of the Maine discipline proceedings, that he failed to appear, and that a public reprimand is the appropriate discipline. The certified Maine documents are Attachment 4 hereto.

A January 17, 2017 letter from Maine's counterpart to the OLR is also attached hereto; it is Attachment 5. It does not support Attorney Buzawa's claim that he was not properly served and notified of the Maine proceedings.

**II.** The court's ignoring the certified copy of Maine's disciplinary proceedings on file with this court (Attachment 4) is inconsistent with SCR 22.22 and the process the court should use and has used in other reciprocal discipline cases. For example, in In re Disciplinary Proceedings Against Peiss, 2017 WI 49, ___ Wis. 2d ___, ___ N.W.2d ___, a reciprocal disciplinary case involving Illinois discipline, the court appointed a referee to determine the validity of Attorney Peiss's claim that he was not properly served in and notified of the Illinois disciplinary proceeding. No referee was appointed in the instant case. The per curiam opinion in Peiss holds against Attorney Peiss.

I add two comments about issues broached by the instant case.

(1) First, although the court commissioner assigned to the instant disciplinary case gave members of the court the letters attached hereto as Attachments 2, 3,[3] and 5, none of these three attachments was in the Clerk's file on the Buzawa case when I received it quite recently. It is not clear which of these attachments appear on Wisconsin Supreme Court and Court of Appeals Access (WSCCA).

---

[2] SCR 22.22(3)(a) provides that "the supreme court shall impose the identical discipline [as the other state jurisdiction] unless . . . (a) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process."

[3] The date stamp on Attachment 3 indicates that the Clerk of the Supreme Court received the letter on February 7, 2017.

2

Page 3
May 11, 2017
No. 2016AP2351-D          Office of Lawyer Regulation v. Carl G. Buzawa

That the Clerk's file in the instant case is incomplete and that WSCCA may be incomplete is worrisome. I strongly suggest that litigants and lawyers check WSCCA to be sure that the Clerk's office has received all filings and accounted for them on WSCCA.[4]

(2) Second, I request that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), a committee appointed by the court in June 2016, examine the rules relating to identical reciprocal discipline and their application in recent cases to determine whether the rules need revision.

I

Unfortunately, the order does not state the full facts and does not apply the relevant law.

Attorney Buzawa's February 4, 2017 letter to this court (Attachment 3) claimed that he was mistaken about what he had to do to comply with Maine procedure to resign from the Maine bar. He concedes that he did not file the required paperwork in Maine and that he failed to respond to Maine disciplinary authorities. He claims that he was not in Maine during the Maine disciplinary proceedings and did not get his mail; he did not advise the Maine authorities of his address. A lawyer's ignorance of what has to be done to comply with state law relating to lawyer discipline does not, of course, excuse noncompliance.

This February 4 letter (Attachment 3) refers to a letter Attorney Buzawa wrote to the Maine counterpart to the OLR on January 14, 2017. This court has neither a copy of the January 14 letter or a description of its contents. We therefore do not know what Attorney Buzawa wrote to the Maine lawyer regulatory office.

Assistant Bar Counsel Alan P. Kelley (of Maine's counterpart to the OLR) responded in a letter dated January 17, 2017, which is attached as Attachment 5.

Assistant Bar Counsel Kelley is the same bar counsel who filed the Maine disciplinary proceeding against Attorney Buzawa and then represented Maine's OLR counterpart in the disciplinary proceedings against Attorney Buzawa. At the Maine disciplinary proceedings,

---

[4] I sent a letter to the Clerk of the Supreme Court dated February 10, 2017, attaching a letter that I sent to dozens of interested persons listed in the files for the John Doe trilogy of cases, No. 2013AP2504, and asking that the letter and attachment be filed in the John Doe files. My letter has not been filed in 2013AP2504 (which includes a record of documents filed under seal or not under seal) or in any listing in a non-public file in the Clerk's office. The Clerk has apparently been instructed not to list this letter in the office's files.

I suggest that the incomplete status of the clerk's file in the instant case and any ambiguity in WSCCA may in all probability be traced to the way the Clerk's office and the court commissioners interact in lawyer discipline cases.

3

Page 4
May 11, 2017
No. 2016AP2351-D      <u>Office of Lawyer Regulation v. Carl G. Buzawa</u>

Attorney Kelley asserted that he served notice of the proceedings on Attorney Buzawa (and in all probability some proof of service was filed), and the Maine disciplinary committee concluded that Attorney Buzawa was served.

Attorney Kelley's January 17, 2017 response merely explains to Attorney Buzawa that Attorney Buzawa can be reinstated upon filing papers and paying a fee.

And what inference(s) may be drawn from Attorney Buzawa's January 14 letter to Maine's OLR counterpart and Attorney Kelley's January 17 letter in response to Attorney Buzawa's letter? Maine Bar Attorney Kelley's letter is noticeably and remarkably silent about any claim by Attorney Buzawa that Maine failed to serve him properly or that the Maine disciplinary process was otherwise defective. The only inference to be drawn from the letters is that Attorney Buzawa has not made any claim in Maine that service was not proper.

This inference is strengthened by Attorney Buzawa's February 4, 2017 letter to this court, received more than two months before this court's dismissal of the OLR complaint. Attorney Buzawa writes that he "intends" to submit the documents required for reinstatement to Maine's counterpart to the OLR. Nevertheless, nothing in this court's records indicates that Attorney Buzawa has taken any steps in the past two months to make amends in Maine, as he agreed to do.

What is evident from the documents the justices received is that Attorney Buzawa did not complain to the Maine disciplinary authorities that he never received notice of the Maine proceedings, that his Maine reprimand was defective as a matter of constitutional procedural due process, and that his Maine discipline should be overturned as contrary to his constitutional or statutory rights. His only claim in this court is an undocumented letter.

The order of this court to dismiss OLR's complaint for reciprocal discipline is based merely on this undocumented letter by Attorney Buzawa claiming defective Maine procedure but offering no proof whatsoever to support his claim.

This court's failure to require Attorney Buzawa to submit even minimal proof that he was not served in the Maine discipline action and that the Maine discipline violated due process is a serious deficiency in the record.[5]

Supreme Court Rule 22.22(4) explicitly provides that "[e]xcept as provided in sub. (3), <u>a final adjudication in another jurisdiction</u> that an attorney has engaged in misconduct . . . <u>shall be</u>

---

[5] The Office of Lawyer Regulation and this court are somewhat familiar with the Maine procedures. Maine Attorney Bradford Borman's Wisconsin license to practice law was suspended on reciprocal disciplinary proceedings. See <u>In re Disciplinary Proceedings Against Bradford A. Borman</u>, 2016 WI 25, 367 Wis. 2d 543, 877 N.W.2d 370.

4

Page 5
May 11, 2017
No. 2016AP2351-D      Office of Lawyer Regulation v. Carl G. Buzawa

conclusive evidence of the attorney's misconduct . . . for purposes of a proceeding under this rule" relating to reciprocal discipline. (Emphasis added.)

Subsection (3) of SCR 22.22 sets forth the exceptions to the rule that "a final adjudication in another jurisdiction" is "conclusive evidence of the attorney's misconduct." Subsection (3) provides that "[t]he supreme court shall impose the identical discipline . . . unless one or more of the following is present:

(a)      The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b)      There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c)      The misconduct justifies substantially different discipline in this state."

Attorney Buzawa's only claim to avoid the imposition of identical discipline falls under SCR 22.22(3)(a) regarding lack of notice (service).

In contrast to Attorney Buzawa's undocumented, unproved, unsupported, and conclusory assertion in his letter of Maine's failure to serve him is the certified copy of the Report of Findings in the Maine disciplinary proceedings stating that Attorney Buzawa was given notice.

This court's failure to require Attorney Buzawa to prove that he was not served properly in the Maine discipline action and to gauge his due process claim is a serious deficiency in the record.[6]

Under the Supreme Court Rules and under general legal principles, Wisconsin should accord a presumption of regularity to a certified decision of an administrative agency of a sister state. The presumption of validity of the other state's proceedings is implicit in this state's imposing reciprocal discipline. Must not the decision of a lawyer discipline entity of another state be accorded the presumption of regularity, and must not the burden of persuasion of

---

[6] Compare In re Disciplinary Proceedings Against Selmer, 2016 WI 71, 371 Wis. 2d 377, 882 N.W.2d 815, in which this court concluded that the respondent attorney's cursory answer was insufficient to warrant dismissal of the OLR complaint and relied on the certified Minnesota discipline documents to impose identical discipline in Wisconsin.

5

Page 6
May 11, 2017
No. 2016AP2351-D        Office of Lawyer Regulation v. Carl G. Buzawa

defective notice (or any other defect) be on the lawyer challenging the other state's discipline under the rules of reciprocal discipline?[7]

Even if this court does not interpret its rules as according a rebuttable presumption of regularity to Maine's lawyer discipline entity (and I am at a loss to understand why this court would not so interpret its rules), this court must (at a minimum) accord the Maine lawyer discipline entity comity, that is, this court must respect Maine's decision and as a matter of courtesy treat it as valid (unless the face of the documents demonstrates otherwise), putting the challenging attorney to his or her proof.

As I read the rules and other reciprocal discipline cases, if the challenging attorney has presented a sufficient basis for his or her challenge to the other state's proceedings, this court appoints a referee to determine the facts and apply the relevant law. The referee's report then comes to this court for review. If the challenging attorney does not present a sufficient basis for his or her challenge, this court imposes reciprocal discipline without referring the matter to a referee.

The basic deficiency in the Buzawa proceeding becomes even more apparent when we examine the procedure set forth in the Supreme Court Rules and the procedure used in another reciprocal discipline proceeding pending in this court at the same time the Buzawa matter has been before the court.

II

The procedure the court used in the instant case to dismiss the OLR's complaint is significantly and ominously faulty. Attorney Buzawa simply claimed that he never got notice of the Maine proceedings and that he was unconstitutionally disciplined by the Maine lawyer disciplinary office. He offered no proof or evidence of his claim or analysis of the Maine procedure or law.

The procedure used in the instant case to gauge the validity of another state's disciplinary procedure and decision under SCR 22.22(3)(a) relies solely on a claim in Attorney Buzawa's

---

[7] For this court's reliance on the discipline documents of another state, see, e.g., In re Disciplinary Proceedings Against Gonzalez, 2016 WI 87, 372 Wis. 2d 27, 886 N.W.2d 368; In re Disciplinary Proceedings Against Selmer, 2016 WI 71, 371 Wis. 2d 377, 882 N.W.2d 815.

The court of appeals has recognized that "[t]here is . . . a presumption of regularity in the decisions of [Wisconsin] administrative agencies." Ashleson v. LIRC, 216 Wis. 2d 23, 34, 573 N.W.2d 554 (Ct. App. 1997). In Pacific States Box & Basket Co. v. White, 296 U.S. 176, 186 (1935), involving a challenge in federal court to the decision of a state administrative agency, the United States Supreme Court stated: "[W]here the regulation is within the scope of authority legally delegated, the presumption of the existence of facts justifying its specific exercise attaches alike to statutes, to municipal ordinances, and to orders of administrative bodies."

Page 7
May 11, 2017
No. 2016AP2351-D     Office of Lawyer Regulation v. Carl G. Buzawa

letter (without any proof attached thereto) to this court. The procedure is inconsistent with that which the court should use and which was used, for example, in In re Disciplinary Proceedings Against Peiss, 2017 WI 49, ___ Wis. 2d ___, ___ N.W.2d ___, a reciprocal disciplinary case pending at the same time as the instant case.

In Peiss, the OLR filed a substantially similar complaint against Attorney Peiss as it filed against Buzawa seeking identical reciprocal discipline. In Peiss, the state of Illinois had imposed discipline on Attorney Peiss.

The certified copies of the Illinois disciplinary proceedings filed with OLR's complaint against Attorney Peiss demonstrate that Attorney Peiss objected in the Illinois disciplinary proceedings that he was not properly served with notice. The Illinois disciplinary entity held that he was properly served and disbarred him.

Attorney Peiss filed an answer to OLR's complaint and motion seeking reciprocal discipline. Attorney Peiss's answer to the OLR complaint stated that he had not been served in the Illinois proceedings and had not been given proper notice.

Pursuant to SCR 22.22(5), this court appointed a referee to hear the matter and to file a report and recommendation to this court. According to SCR 22.22(5), the burden is on the challenging attorney "to demonstrate that the imposition of identical discipline . . . is unwarranted."[8]

The Wisconsin referee studied the documents of the Illinois disciplinary entity, the service laws of Illinois, the briefs and filings of Attorney Peiss and the OLR, and on OLR's motion for summary judgment concluded that Attorney Peiss's argument that he was denied due process was without merit, that the OLR's motion for summary judgment should be granted, and that reciprocal discipline should be imposed on Attorney Peiss.

Although Attorney Peiss has not appealed the referee's report and recommendation, the court is obliged to review the referee's decision. SCR 22.17(2). For the court's review of and

---

[8] SCR 22.22(5) states:

The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

7

Page 8
May 11, 2017
No. 2016AP2351-D        <u>Office of Lawyer Regulation v. Carl G. Buzawa</u>

decision on the referee's report and recommendation, see <u>In re Disciplinary Proceedings Against Peiss</u>, 2017 WI 49, ___ Wis. 2d ___, ___ N.W.2d ___.[9]

      Yet in the instant case, Buzawa claimed, in a letter without any proof, that he received no notice of the Maine proceedings, a claim that is contrary to the certified copy of the final proceedings of the Maine disciplinary entity. Yet this court concluded, without a hearing before a referee, that Attorney Buzawa was denied due process and that his failure to comply with Maine law was excusable.

      A comparison of the <u>Peiss</u> and <u>Buzawa</u> cases shows that parties similarly situated have not been treated similarly.

      Finally, I request that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), a committee appointed by the court in June 2016, examine the rules relating to identical reciprocal discipline and their application in recent cases to determine whether the rules need revision. The <u>Peiss</u> and <u>Buzawa</u> reciprocal discipline cases, along with <u>In re Disciplinary Proceedings Against Gillette</u>, 2017 WI 48, ___ Wis. 2d ___, ___ N.W.2d ___, have been before this court at about the same time in early 2017.

      For the reasons set forth, I write in dissent in the instant case.

      I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

---

Diane M. Fremgen
Clerk of Supreme Court

---

[9] See also <u>In re Disciplinary Proceedings Against Strizic</u>, 2015 WI 57, 362 Wis. 2d 659, 864 N.W.2d 869, in which the respondent attorney challenged the Arizona proceedings on lack of notice and deprivation of due process. The court referred the matter to a referee because the claim necessitated findings of fact and conclusions of law.

ATTACHMENT 1



OFFICE OF THE CLERK

## Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

April 10, 2017

To:

Julie M. Spoke
Office of Lawyer Regulation
110 E. Main St., Ste. 315
Madison, WI 53703

Heidi Johnson
Office of Lawyer Regulation
110 E. Main Street, Ste 315
Madison, WI 53703

Carl G. Buzawa
25160 Ridge Oak Drive
Bonita Springs, FL 34134

State Bar of Wisconsin
P.O. Box 7158
Madison, WI 53707-7158

You are hereby notified that the Court has entered the following order:

No. 2016AP2351-D      Office of Lawyer Regulation v. Carl G. Buzawa

This is a reciprocal discipline case. On December 1, 2016, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22 asking that this court publicly reprimand Attorney Carl G. Buzawa as reciprocal discipline identical to that imposed by the Maine Board of Overseers of the Bar (the "Maine Board").

Attorney Buzawa was admitted to the Wisconsin bar in 1979 and to the Maine bar in 1986. His Wisconsin law license has been administratively suspended since October 2013 for failure to pay bar dues and his failure to file the required trust account certification.

The OLR's complaint noted that on September 8, 2016, the Maine Board publicly reprimanded Attorney Buzawa based on the following facts. In October 2015, the Maine Board administratively suspended Attorney Buzawa due to his failure to comply with the annual registration requirement of Maine Bar Rule 4(a) and the continuing legal education credit hours requirement of Maine Bar Rule 5(a). Under Maine Bar Rule 4(k), Attorney Buzawa was required to notify all clients, co-counsel, and opposing counsel or adverse parties of his administrative suspension, and to file an affidavit with the Maine Board showing his compliance with this requirement. Attorney Buzawa failed to file the required affidavit of compliance. As a result of Attorney Buzawa's failure to file the required affidavit, the Maine Board filed a disciplinary petition against him in 2016, to which Attorney Buzawa did not respond, and which resulted in the issuance of a public reprimand.

1

Page Two
April 10, 2017
No. 2016AP2351-D    Office of Lawyer Regulation v. Carl G. Buzawa

The OLR's complaint also alleged that by failing to notify the OLR of his public reprimand in Maine within 20 days of the effective date of its imposition, Attorney Buzawa violated SCR 22.22(1).

On January 20, 2017, this court issued an order directing Attorney Buzawa to show cause why the imposition of the identical discipline to that imposed by the Maine Board would be unwarranted.

Attorney Buzawa responded to this court's order by a letter filed February 7, 2017. In his letter, Attorney Buzawa explained that he had fully retired from the practice of law in December 2012; that he has no intention of returning to the practice of law; that he established a permanent retirement residence in Florida in December 2015; and that he was unaware of the Maine disciplinary proceeding because of his change in residence and his extended stay in Australia and New Zealand at the time of that proceeding. Attorney Buzawa requested that the OLR withdraw its disciplinary complaint.

On February 9, 2017, the OLR filed a reply to Attorney Buzawa's letter. The OLR continued to request the imposition of a public reprimand as reciprocal discipline to that imposed by the Maine Board because, although Attorney Buzawa "claims not to have received notice of the Maine proceeding, [he] does not claim the result of that proceeding (imposition of a public reprimand) was wrong or invalid."

Under SCR 22.22, this court "shall impose the identical discipline" that Attorney Buzawa received in Maine unless an exception should be made on certain, specified grounds, among them: (1) that the procedure in Maine "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; and (2) that the "misconduct justifies substantially different discipline in this state." See SCR 22.22(3)(a) and (c). Given Attorney Buzawa's explanation that he did not receive any notice of the Maine disciplinary proceedings due to his change in residence and his international travels, and given that, having fully retired in 2012, Attorney Buzawa had no clients, co-counsel, opposing counsel, or adverse parties to notify of his Maine administrative suspension, we hold that no discipline is warranted in this case.

IT IS ORDERED that the disciplinary complaint against Attorney Carl G. Buzawa is dismissed. No costs.

IT IS FURTHER ORDERED that Attorney Buzawa shall advise the State Bar of Wisconsin of any changes to the address (201 Lowell Street, Wilmington, MA 01887-4113) that Attorney Buzawa currently has on file with the State Bar of Wisconsin. See SCR 10.03(2).

SHIRLEY S. ABRAHAMSON, J. (separate writing to follow).

Diane M. Fremgen
Clerk of Supreme Court

2

10

ATTACHMENT 2

25160 Ridge Oak Drive
Bonita Springs, Fla. 34134
January 14, 2017

RECEIVED
JAN 1 8 2017
OFFICE OF LAWYER
REGULATION

Sheryl St. Ores, Esq.
Assistant Litigation Counsel
110 East Main Street, Room 315
Madison, Wisconsin 53703

Dear Ms. Ores:

I just received the Order to Answer dated Dec.1, 2016 apparently sent to our former address but delivered to our new address on Thursday, Jan. 10, 2017 to our new address in Bonita Springs, Florida.

I have not practiced law in Wisconsin since I left the state in December, 1979 and have not practiced in any state since 2012 when I retired from Textron Systems, Inc. I had asked my Secretary to advise all of the bar associations and all the other interested parties that I retired, but apparently this did not occur. I am sorry for any difficulty this may have caused. After I left Textron, I retired to Florida and have been out of the country much of the time. My wife had a Fulbright in Australia and we have also extensively travelled elsewhere since our move from Massachusetts. In addition, our mail has not been forwarded for an extended time.

I have no intention of practicing law in the future and it would be fine to relinquish my membership to the Wisconsin Bar.

Please feel free to contact me at carlbuzawa@aol.com if you have any questions.

Sincerely,

Carl G. Buzawa

3

ATTACHMENT 3

25160 Ridge Oak Drive
Bonita Springs, Fla. 34134
February 4, 2017

RECEIVED

FEB 0 7 2017

CLERK OF SUPREME COURT
OF WISCONSIN

Office of the Clerk
Supreme Court of Wisconsin
110 East Main Street, Suite 215
PO Box 1688
Madison, WI 53701-1688

Dear Ms. Fremgen and Ms. Ores:
Re no. 2016AP2351-D

I am in receipt of the letter from Ms. Ores on January 17, 2017 as well as the Order of the Clerk dated January 20, 2017. I have reviewed SCR 22.22(2)(b) and request that the court consider my motion to either dismiss or hold this matter in abeyance.

As indicated in my letter to Ms. Ores on January 14, 2017 (copy attached), I first became aware that proceedings in Maine were taken by the Board of the Overseers of the Bar when I received Service of Process from your office. Since I purchased our new residence in Bonita Springs Florida in December, 2015, I have been in residence in Florida except for an extended stay in Australia and New Zealand during Fall, 2016. As such, I was not aware of the commencement of the proceedings or the Order until you sent it to me as an attachment.

As stated in my January 14th letter, I have not practiced law since December, 2012 in any jurisdiction nor intend to do so in the future as I am completely retired. I wrote to the Board of the Overseers of the Bar in Maine on the same date. On January 17th, I received the attached letter from them. As you can see, I was administratively suspended in October, 2015 while I was in Australia. I had thought that by earlier having registered as a non-resident, that was all I needed to do. Unknown to me there was a notification requirement pursuant to M. Bar R. 4 (e). As I did not know of the Maine action, I do believe that under SCR 22.22 (1) not knowing of the proceeding would mean that I am not willfully violating the Wisconsin rules.

The letter from the Board of Overseers of the Bar in Maine dated January 17th letter copy attached makes clear that I can be reinstated upon payment of the reinstatement fee and all arrears along with submission of the required registration documents. I intend to do so. These unusual circumstances should not result in a punishment or sanction imposed by the State of Wisconsin for a reciprocal violation under SCR 22.22 (2) harsher than that of the State of Maine which clearly has and will allow re-instatement upon completion of required paperwork and back fees, at which point I will intend to withdraw, since as stated earlier I am not practicing law and have no intention of doing so any more, being fully retired since Dec 2012.

Under these circumstances, I am respectfully requesting that the disciplinary proceedings be withdrawn.

4

Sincerely,

Carl G. Buzawa

Cc Julie M Spoke, Esq

5

ATTACHMENT  4

EXHIBIT
A

A true copy, attest:

Clerk of the Board of Overseers of the Bar

RECEIVED
JUN 0 7 2016
Clerk's Office
Board of Overseers of the Bar

State of Maine

Board of Overseers of the Bar          GCF# 15-366

| | |
|---|---|
| BOARD OF OVERSEERS OF THE BAR } | |
| Petitioner } | |
| } | |
| v. } | **DISCIPLINARY PETITION** |
| } | **M. Bar R. 13(e)** |
| CARL G. BUZAWA } | |
| of Carlisle, MA } | |
| Me. Bar #003703 } | |
| Respondent } | |

To the Grievance Commission of the Board of Overseers of the Bar:

1. Petitioner is the Board of Overseers of the Bar (the Board).

2. Respondent is Carl G. Buzawa of Carlisle, Commonwealth of Massachusetts.

3. At all relevant times Mr. Buzawa was an attorney duly admitted to and authorized to engage to practice law in Maine, and as now being a suspended attorney in Maine is still subject to regulation and enforcement action by the Board and the Court under the Maine Bar Rules and the Maine Rules of Professional Conduct.

4. The Board asserts upon information and belief within paragraphs #5 through #10 that Mr. Buzawa violated specific portions of the Maine Bar Rules and the Maine Rules of Professional Conduct as set forth below for which he should be disciplined.

5. Pursuant to M. Bar R. 13(e), on or about November 24, 2015 a *sua sponte* grievance complaint was docketed and filed by Bar Counsel alleging that Mr. Buzawa had violated M. R. Prof. Conduct 8.4(a) and

6

M. Bar R. 4(k)(8) based upon his failure to file the required "notification affidavit" attesting his compliance with M. Bar R. 4(k) in light of his suspension from practice in Maine effective October 15, 2015.

6. Upon the completion of Bar Counsel's investigation of this complaint, on May 17, 2016, a panel of the Grievance Commission reviewed Mr. Buzawa's actions in this matter and found probable cause to believe that he had engaged in misconduct subject to sanction under the Maine Bar Rules. Therefore, the Grievance Commission panel authorized Bar Counsel to prepare and present a formal disciplinary petition before a different panel of the Grievance Commission.

### Specific Facts of Misconduct

7. Effective October 15, 2015, Mr. Buzawa was administratively suspended by the Board due to his failure to comply with the annual registration requirement of M. Bar R. 4(a), and the continuing legal education credit hours requirement of M. Bar R. 5(a).

8. This grievance complaint was docketed as a result of Mr. Buzawa's subsequent failure to file the required affidavit of compliance required by M. Bar R. 4(k)(8) following his summary administrative suspension.

9. Mr. Buzawa further failed to submit any response to either of Bar Counsel's letters of December 4, 2015 notifying him of his obligation to file an affidavit pursuant to M. Bar R. 4(k)(8), or January 27, 2016 requesting his comments and response to this grievance complaint.

2

7

15

Mr. Buzawa's failure to respond to Bar Counsel's inquiries was in violation of MRPC 8.1(b).

10. Mr. Buzawa remains suspended from practice in Maine for having failed to ever file any such affidavit or to ever address the administrative rule failure that had caused his suspension to be imposed.

### RULES VIOLATED

Based on the facts set forth above, the Board alleges that Mr. Buzawa has violated at least M. Bar R. 4(k)(8) and M. R. of Prof. Conduct: 8.1(b) and 8.4(a)(d) as detailed below.

### Maine Bar Rules

#### RULE 4. Registration

...
**(k)** **Notice to Clients, Adverse Parties, and Other Counsel.**

...
(8) *Affidavit Filed with the Board.* Within 10 days after the effective date of the suspension order, the attorney shall file with the Board Clerk an affidavit showing:
(A) compliance with the provisions of this rule;
(B) all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and
(C) residence or other addresses where communications may thereafter be directed.

### Maine Rules of Professional Conduct

#### 8.1 Bar Admission and Disciplinary Matters

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except

3

that this rule does not require disclosure of information otherwise protected by Rule 1.6.

### 8.4 Misconduct

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate any provision of either the Maine Rules of Professional Conduct or the Maine Bar Rules, or knowingly assist or induce another to do so, or do so through the acts of another; (or)
(d) engage in conduct that is prejudicial to the administration of justice.

WHEREFORE, Petitioner prays that the Grievance Commission determine that the Respondent Carl G. Buzawa has acted in a manner unworthy of an attorney and in violation of the Maine Bar Rules and the Maine Code of Professional Responsibility for which he should receive such appropriate disciplinary action as is provided under the Maine Bar Rules.

Date: June 7, 2016

Alan P. Kelley
Assistant Bar Counsel
Me. Bar #0340
Board of Overseers of the Bar
P O Box 527
Augusta, Maine 04332-0527

4

9

17

A true copy, attest:

Clerk of the Board of Overseers of the Bar

State of Maine

RECEIVED

OCT 08 2016

Clerk's Office
Board of Overseers of the Bar

EXHIBIT

B

Board of Overseers of the Bar                    GCF# 15-366

BOARD OF OVERSEERS OF THE BAR )
                    Petitioner            )
                                          )
            v.                            )        REPORT OF FINDINGS
                                          )        GRIEVANCE COMMISSION
                                          )        PANEL C
CARL G. BUZAWA                            )        M. BAR R. 13
  of Carlisle, MA                         )
  Me. Bar #3703                           )
                    Respondent            )

## INTRODUCTION

On September 8, 2016, with due notice, panel C of the Grievance Commission conducted a public disciplinary hearing pursuant to Maine Bar Rule 13(e) concerning misconduct by Respondent Carl G. Buzawa. On June 7, 2016, Assistant Bar Counsel Alan P. Kelley filed with the Board of Overseers of the Bar [Board] a Disciplinary Petition. On that same date, Bar Counsel served that Disciplinary Petition on Mr. Buzawa [Buzawa] along with a Summons requiring him to answer the Petition within twenty-one days.

The Summons specifically warned Buzawa that failure to file an answer to the Disciplinary Petition within 21 days from the date of service would mean that the misconduct alleged in the Petition "shall be taken as admitted, but you may be heard on the question of sanctions." Buzawa did not answer the Board's Petition. Likewise, Buzawa did not appear at, nor participate in, the September 8, 2016, public disciplinary hearing.

## FINDINGS

Respondent Carl G. Buzawa of Carlisle, Massachusetts, was, until the imposition of an administrative suspension, at all times relevant hereto an

1

attorney duly admitted to and authorized to engage in the practice of law in the State of Maine and/or a suspended Maine Attorney, in all events and respects subject to the Maine Bar Rules and the Maine Rules of Professional Conduct.

Buzawa was admitted to the Maine bar in 1986 and is currently subject to an administrative non-disciplinary suspension. Effective October 15, 2015, Mr. Buzawa was administratively suspended by the Board due to his failure to comply with the annual registration requirement of M. Bar R. 4(a), and the continuing legal education credit hours requirement of M. Bar R. 5(a). The Board filed a grievance complaint against Buzawa on November 24, 2015, as a result of Buzawa's subsequent failure to file the required affidavit of compliance required by M. Bar R. 4(k)(8) following his summary administrative suspension. Buzawa failed to file a response in defense of his actions. Such failure to respond to Bar Counsel's inquiries violated M. R. Prof. Conduct 8.1(b).

On May 17, 2016, a panel of the Grievance Commission reviewed this case and found probable cause to believe that Buzawa had engaged in misconduct subject to sanction under the Maine Bar Rules. Thus, the Grievance Commission panel authorized Bar Counsel to prepare and present a formal disciplinary petition before a different panel of the Grievance Commission.

## CONCLUSIONS

Buzawa violated Maine Bar Rule 4(k)(8) and Maine Rules of Professional Conduct 8.1(b) and 8.4(a)(d). As a consequence of his administrative suspension, he is not currently a licensed member of the Maine Bar, nor has he completed a change of status to inactive or withdrawn. The Maine Bar Rules provide that the purpose of bar disciplinary proceedings is not punishment, but rather, the protection of the public from attorneys who, by their conduct, have demonstrated that they are unable to properly discharge their professional duties. Among the factors to be considered in imposing sanctions are: the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's misconduct and the existence of any aggravating or

2

11

19

aggravating or mitigating circumstances. See *ABA Standards for Imposing Lawyer Sanctions*, 1991 (ABA Standards).

The first factor to be considered for sanctions under the ABA Standards is to determine what duty has been breached. The Maine Rules of Professional Conduct and the Maine Bar Rules require attorneys to uphold their responsibilities to clients and the courts. Buzawa violated his duties to the legal system by failing to complete the annual registration requirements in 2015 and by failing to file the required notification affidavit once he was administratively suspended. Buzawa's neglect caused minor injury to the legal system. The Maine Supreme Judicial Court promulgated the Maine Bar Rules and the Maine Rules of Professional Conduct to govern the practice of law by Maine attorneys. The information collected by the annual registration of lawyers facilitates the protection of the public and courts. Buzawa's continuing failure to file an affidavit complying with M. Bar R. 4(k)(8), is an aggravating circumstance.

Because the evidence supports a finding that Buzawa did, in fact, violate the Maine Rules of Professional Conduct, the Panel finds that a public reprimand serves those purposes. Therefore, the Panel concludes that the appropriate disposition of this case is a **Public Reprimand** to Respondent Carl G. Buzawa which is now hereby issued and imposed upon him pursuant to M. Bar R. 21(B)(5).

Dated: 9/8/16

Robert S. Hark, Esq., Panel Chair

Justin D. LeBlanc, Esq.

Richard P. Dana, Public Member

3

12

ATTACHMENT 5

Victoria Powers, Esq. Chair
Cathy A. DeMerchant, Vice Chair

Richard P. Dana, CPA
Mary A. Denison, Esq.
Judson B. Esty-Kendall, Esq.
Barbara H. Furey, Esq.
Christopher L. Gaunce
Benjamin R. Gideon, Esq.
Margaret K. Minister, Esq.

**OF OVERSEERS OF THE BAR**
*Established by the Maine Supreme Judicial Court.*

· 97 Winthrop Street
P O Box 527
Augusta, ME 04332-0527

Phone 207-623-1121 · Fax 207-623-4175
Email: Board@mebaroverseers.org · Web: www.mebaroverseers.org

**BOARD STAFF**

EXECUTIVE DIRECTOR
Jacqueline M. Rogers

BAR COUNSEL
J. Scott Davis

DEPUTY BAR COUNSEL
Aria Eee

ASSISTANT BAR COUNSEL
Alan P. Kelley

January 17, 2017

Carl G. Buzawa
25160 Ridge Oak Drive
Bonita Springs, Florida 34134

Re: 15-366 Carl G. Buzawa

Dear Mr. Buzawa:

I acknowledge receipt and thank you for your letter of January 14, 2017 concerning the above matter. We will update our records with your current address. According to our records, you were registered in Maine from November of 2009 until October of 2015 as an "active non-resident" attorney. You complied with the registration requirement through 2014, but failed to register in 2015. You were administratively suspended in October of 2015, and currently remain in that status. The disciplinary matter was based upon your failure to comply with the notification requirements of Maine Bar Rule 4(k)(8).

Pursuant to M. Bar R. 4(i) you can be reinstated upon payment of the reinstatement fee and all arears, along with submission of the required registration documents. At that time, you may apply for transfer to inactive status pursuant to M. Bar R. 4(e). If you have any questions regarding that procedure, please feel free to contact our Registration Coordinator, Susan Adams.

Thank you.

Sincerely,

Alan P. Kelley
Assistant Bar Counsel

APK/dls

Fee Arbitration Commission · Grievance Commission · Professional Ethics Commission

13

21