# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP2540-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Philip M. Kleinsmith, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Philip M. Kleinsmith,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KLEINSMITH

| | |
|---|---|
| OPINION FILED: | May 16, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2017AP2540-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Philip M. Kleinsmith, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Philip M. Kleinsmith,**

        **Respondent.**

**FILED**

**May 16, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license revoked.*

¶1   PER CURIAM.   The Office of Lawyer Regulation (OLR) and Attorney Philip M. Kleinsmith have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12[1] agreeing that

---

[1] SCR 22.12 provides:

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.  The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the

(continued)

Attorney Kleinsmith's license to practice law in Wisconsin should be revoked, as discipline reciprocal to that imposed by the Supreme Court of Colorado. Upon careful review of the matter, we approve the stipulation and impose the stipulated reciprocal discipline. The OLR does not seek the imposition of costs against Attorney Kleinsmith because this matter was resolved without the need for a referee or a lengthy proceeding, and we impose no costs. We do require Attorney Kleinsmith to comply with all of the conditions of the disciplinary orders

---

stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

imposed on him by the Colorado Supreme Court, which include a requirement that he pay restitution in the Colorado matter.

¶2 Attorney Kleinsmith was admitted to practice law in Colorado in 1967. He presently resides in Colorado. He was admitted to practice law in Wisconsin in 1999 and, at some point, was also admitted to practice law in Arizona. In 2013, this court publically reprimanded Attorney Kleinsmith as discipline reciprocal to a reprimand imposed by the Arizona Supreme Court, for filing improper arbitration certificates in nine different matters; failing to appear at a hearing; failing to properly serve a party; failing to properly withdraw as counsel; and filing documents with errors and omissions. Public Reprimand of Philip M. Kleinsmith, No. 2013-10 (electronic copy available at https://compendium.wicourts.gov/app/raw/002602.html). His Wisconsin law license has been suspended since October 31, 2017, for failure to pay mandatory state bar dues and failure provide an OLR certification.

¶3 On October 30, 2017, the Supreme Court of Colorado entered an order disbarring Attorney Kleinsmith in Colorado for professional misconduct. The misconduct giving rise to his Colorado disbarment dates from 2012, when Attorney Kleinsmith hired a title company to work on several foreclosure matters in which his firm represented a bank. Attorney Kleinsmith billed the bank for the title company's work, but after the bank paid him, he converted those funds to his own use, instead of paying the title company.

3

¶4 The Colorado Supreme Court found that Attorney Kleinsmith's conduct violated Colorado Rules of Professional Conduct (RPC) 8.4(c), 1.15A and former RPC 1.15(b). Attorney Kleinsmith was ordered to pay $56,238.80 in restitution to First American Title Company of Montana.

¶5 Attorney Kleinsmith then failed to notify the OLR of his Colorado disbarment within 20 days of its effective date. SCR 22.22(1).

¶6 On December 29, 2017, the OLR filed a complaint against Attorney Kleinsmith alleging two counts of misconduct. First, by virtue of his Colorado disbarment, Attorney Kleinsmith is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22(3) (Count 1). Second, by failing to notify OLR of his disbarment in Colorado for professional misconduct within 20 days of the effective date of its imposition, Attorney Kleinsmith violated SCR 22.22(1) (Count 2).

¶7 On February 22, 2018, Attorney Kleinsmith entered into a stipulation with the OLR in which he agreed that the facts alleged in the OLR's complaint support the revocation of his license to practice law in Wisconsin, as discipline reciprocal to that imposed by the Supreme Court of Colorado.

¶8 Supreme Court Rule 22.22(3) provides that this court shall impose the identical discipline imposed in another

4

jurisdiction unless one or more of three exceptions apply.[2] In his stipulation, Attorney Kleinsmith states that he does not claim any of the defenses found in SCR 22.22(3), and he agrees that this court should revoke his license to practice law in Wisconsin.

¶9 Attorney Kleinsmith also states that the stipulation did not result from plea bargaining and that he does not contest the facts and misconduct alleged by the OLR. Attorney Kleinsmith further states that he agrees the facts alleged in the OLR's complaint may form a basis for the discipline requested by the OLR director. He further avers that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest the matter; fully understands his right to consult with counsel; avers that his entry into the stipulation is made knowingly and voluntarily; that he has read the OLR's complaint and the stipulation and that his entry into the stipulation represents

---

[2] In this matter, the discipline we impose – revocation – is nearly identical. The respective court rules of Wisconsin and Colorado dictate a slightly different result. In Colorado, "disbarment" is defined as "revocation of an attorney's license to practice law . . . " subject to a formal "readmission" proceeding. In Colorado, disbarment shall be for "at least eight years." See C.R.C.P. 251.6(a). Wisconsin uses the term "revocation," not disbarment. See SCR 21.16(1m)(a). In Wisconsin, an attorney whose license has been revoked may seek reinstatement after five years. See SCR 22.29(2).

5

his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR.

¶10 In the memorandum submitted in support of the stipulation, the OLR recommends this court also order Attorney Kleinsmith to comply with the Colorado Supreme Court's decision, which requires Attorney Kleinsmith to make restitution. See, e.g., In re Disciplinary Proceedings Against Manion, 2016 WI 88, 372 Wis. 2d 34, 886 N.W.2d 371 (ordering attorney in a reciprocal discipline case who was directed to pay restitution in another state to comply with "all conditions of the disciplinary orders imposed on him by the Arizona Supreme Court required for reinstatement").

¶11 We accede to the OLR's request regarding restitution. The court notes that in the event Attorney Kleinsmith ever seeks reinstatement of his Wisconsin law license, he would need to demonstrate, pursuant to SCR 22.29(4m), that he has made the restitution ordered by the Colorado Supreme Court or explain his failure to do so.

¶12 Upon review of this matter, we accept the stipulation and revoke Attorney Kleinsmith's license to practice law in Wisconsin, as discipline reciprocal to that imposed by the Supreme Court of Colorado. Because this matter has been resolved by means of a stipulation without the appointment of a referee and because the OLR has not requested the imposition of costs, we do not impose any costs upon Attorney Kleinsmith.

6

¶13 IT IS ORDERED that the license of Philip M. Kleinsmith to practice law in Wisconsin is revoked, effective the date of this order.

¶14 IT IS FURTHER ORDERED that, to the extent he has not already done so, Philip M. Kleinsmith shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶15 IT IS FURTHER ORDERED that compliance with all conditions of this order, as well as compliance with all conditions of the disciplinary orders imposed on him by the Colorado Supreme Court are required for Philip M. Kleinsmith's reinstatement. See SCR 22.29(4)(c).